IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY BOYNES, | Civil Action No. 2:15-cv-00139-CRE |
| Plaintiff, | MAGISTRATE JUDGE CYNTHIA REED EDDY |
| v. | |
| COUNTY OF LAWRENCE, DR. JOHN DOE, NURSE FRAN, NURSE ROXANNE and PRIMECARE MEDICAL, INC, | **ELECTRONICALLY FILED** |
| Defendants. | **JURY TRIAL DEMANDED** |

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

AND NOW, comes Defendant, COUNTY OF LAWRENCE, by and through its undersigned counsel, JonesPassodelis, PLLC, and moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint for failing to state claim upon which relief may be granted.

1. This is a personal injury action arising out of an inmate's alleged slip and fall in the Lawrence County Correctional Facility and treatment of his injuries. The Complaint brings this action pursuant to 42 U.S.C. § 1983 for alleged violations his rights under the Eighth Amendment to the United States Constitution and brings pendent state common law negligence claims.

2. The alleged facts of this claim and the authority as to why dismissal is appropriate are set forth in detail in the accompanying Brief in Support. The reasons why dismissal is appropriate include the following.

{W0073429.1}

3. As to Lawrence County, the Complaint attempts to plead claims under negligence and civil rights theories 1.) alleging that the County is responsible for causing the accident by requiring inmates to wear shower shoes on slippery floors, and 2.) for the medical treatment provided to the Inmate-Plaintiff after the alleged accident.

4. The claims arising out of the cause of the accident fail to state a claim for several reasons.

5. First, they are facially barred by the applicable statute of limitations. The alleged accident occurred in "September 2012." Complaint at ¶ 12.

6. The statute of limitations for both negligence and civil rights claims is two years from the date of the injury.

7. The discovery rule does not apply where, like here, persons know they are injured, but they do not know the extent of their injury. *See Bradley v. Ragheb*, 633 A.2d 192, 196 (Pa. Super. 1993). The Complaint alleges that Plaintiff knew he was injured the day he slipped and fell. Complaint at ¶ 12. He sought medical attention that day, the following morning, and the following week because he "believed his left arm was broken and was continuing to experience severe pain in his elbow and left shoulder." *Id.* at ¶¶ 17-20.

8. Even if the accident occurred on the last day of September 2012, the statute would have run by October 1, 2014. The Complaint was not filed until February 2015. The claims concerning the alleged cause of the accident are facially time barred.

9. Second, the Eighth Amendment's prohibition against cruel and unusual punishment does not concern itself with slippery floors or shoes. As is detailed in the accompanying Brief, similar claims have repeatedly been dismissed by the courts in this Circuit.

See, e.g., *Painter v. Dunkle*, 2006 WL 3749856 at *4 (W.D. Pa. Dec. 18, 2006) (dismissing Eighth Amendment claim arising out of slip and fall in a shower allegedly caused by slippery floor and lack of hand rails, opining that the claim "sounds, if anything, in negligence, which is not actionable under 42 U.S.C. § 1983.").

10. Moreover, Lawrence County cannot be held liable for the medical care provided.

11. The Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541 *et. seq.*, renders counties immune from medical negligence claims. *Weissman v. City of Phila.*, 513 A.2d 571, 572 (Pa. Cmwlth. 1986) (citing *Gill v. County of Northampton*, 488 A.2d 1214 (Pa. Cmwlth. 1985)).

12. Counties are immune from claims of negligent training or supervision, or negligent failure to implement policies or train staff to provide medical care. *See* 42 Pa.C.S. § 8542(b).

13. Plaintiff's Eighth Amendment claim arising out of his medical care fails against Lawrence County.

14. To establish civil rights liability against a municipal defendant like Lawrence County, a plaintiff must demonstrate that a prison official violated the plaintiff's civil rights, and that a "'policy or custom' of the [defendant] was the 'moving force' behind a violation of his Eighth Amendment rights." *See, e.g., Clark v. Reg'l Med. First Correctional*, 360 F. App'x 268, 269-70 (3d Cir. 2010) (quoting *Grayson v. Mayview State Hospital*, 293 F.3d 103, 107 (3d Cir.2002) (citations omitted)).

15. To establish an Eighth Amendment violation arising out of an alleged deprivation of medical care, a plaintiff must show a prison official was "deliberately indifferent" to a serious medical need. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

16. As the PrimeCare Defendants' Brief in Support of its Motion correctly observes, the Complaint admits that the medical staff attended to his alleged injuries on several occasions. That is not deliberate indifference. The claim against the non-medical correctional officers is even more attenuated. Based on the limited allegations and the position set forth by the co-defendant, a correctional official could not have had the awareness of the existence of a serious medical need such that they could be held deliberately indifferent.

17. Where an inmate is under the care of medical professionals, non-medical correctional officials cannot be said to possess the scienter necessary to establish a claim of deliberate indifference. "The general rule is that where a prisoner is being treated by medical personnel, non medical prison officials cannot be deliberately indifferent for failing to intervene in the medical treatment and/or medical decisions." *Young v. Beard*, 2008 WL 2693860 (W.D. Pa. April 04, 2008) (report and recommendation adopted as modified on other grounds, 2008 WL 2693859 (W.D. Pa. June 30, 2008) (citing *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir.1993)). "If a prisoner is under the care of medical experts . . . a non medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d. Cir. 2004).

18. Because what is alleged would not amount to a constitutional violation by a County employee, Plaintiff's claim fails. A County policy could not be the moving force in causing a violation if no violation occurred.

19. Vicarious liability does not exist in civil rights claims. *See, e.g., Watson v. Abington Twp.*, 478 F.3d 144, 155 (3d Cir. 2007). The County cannot be held vicariously liable for the alleged actions of the PrimeCare Defendants.

20. Finally, the Complaint's prayer for relief improperly seeks "[a]n award of . . . punitive damages against each Defendant[.]" Punitive damages are unavailable against municipal defendants like Lawrence County. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *see also* 42 Pa.C.S.A. § 8541 *et. seq.*

21. These fatal defects in Plaintiff's claims against Lawrence County cannot be cured by further pleading. Because amendment of the Complaint would be futile, it is respectfully submitted that dismissal should be with prejudice.

WHEREFORE, Defendant, COUNTY OF LAWRENCE, respectfully requests that the Court dismiss Plaintiff's claims with prejudice.

Respectfully submitted,

JONESPASSODELIS, PLLC

By: s/Michael R. Lettrich
MICHAEL R. LETTRICH, ESQUIRE
PA I.D. #80635
E-Mail: mlettrich@jonespassodelis.com

MARIE MILIE JONES, ESQUIRE
PA I.D. #49711
E-Mail: mjones@jonespassodelis.com

Gulf Tower, Suite 3510
707 Grant Street
Pittsburgh, PA 15219
Phone: (412) 315-7272
Fax: (412) 315-7273

Counsel for Defendant,
COUNTY OF LAWRENCE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been forwarded to all counsel of record by:

    \_\_\_\_\_ U.S. First Class Mail, Postage Paid

    \_\_\_\_\_ Hand Delivery

    \_\_\_\_\_ Certified Mail, Return Receipt Requested

    \_\_\_\_\_ Facsimile Transmittal

    \_\_\_\_\_ UPS Delivery

    __X__ Electronic Filing/Service

at the following address:

Louis J. Kroeck, IV, Esquire
ANSTANDIG, McDYER AND YURCON
707 Grant Street, Suite 1300
Pittsburgh, PA 15219
*(Counsel for Plaintiff)*

John R. Ninosky, Esquire
Johnson, Duffie, Stewart & Weidner
301 Market Street
P.O. Box 109
Lemoyne, PA 17043-0109
*(Counsel for Defendants, PrimeCare Medical, Inc., Roxanne Demonaco, LPN and Fran Kloss, LPN)*

JONESPASSODELIS, PLLC

Date: March 31, 2015        s/Michael R. Lettrich
                                       MICHAEL R. LETTRICH, Esquire
                                       MARIE MILIE JONES, Esquire

                                       Counsel for Defendant,
                                       COUNTY OF LAWRENCE

{W0073429.1}