IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY BOYNES, | Civil Action No. 2:15-cv-00139-CRE |
| Plaintiff, | MAGISTRATE JUDGE CYNTHIA REED EDDY |
| v. | |
| | **ELECTRONICALLY FILED** |
| COUNTY OF LAWRENCE, DR. JOHN DOE, NURSE FRAN, NURSE ROXANNE and PRIMECARE MEDICAL, INC, | |
| Defendants. | **JURY TRIAL DEMANDED** |

## BRIEF IN SUPPORT OF MOTION TO DISMISS

**I.     INTRODUCTION**

This lawsuit arises out of an alleged slip and fall by the Plaintiff in the Lawrence County Correctional Facility in September of 2012 and the sufficiency of the medical care he received for his injuries.   The Complaint pleads claims pursuant to 42 U.S.C. § 1983 alleging that Plaintiff's Eighth Amendment rights were violated against Lawrence County and its contractual medical provider, PrimeCare Medical, Inc.  The Complaint also asserts negligence claims against both defendants.

The Complaint fails as to Lawrence County for several reasons.  First, the claims seeking to impose liability on the County for an alleged slippery condition are facially time barred. Further, what is alleged, even if true, does not violate the Eighth Amendment.  Plaintiff's claims concerning the adequacy of the medical care he received also fail as to Lawrence County. Under the Political Subdivision Tort Claims Act, the County is immune from medical negligence claims.

The Eighth Amendment medical claims fail, too, because the Complaint admits that the medical professionals were aware of his complaints and stated that they believed nothing was wrong with him.  Non-medical officials cannot be deliberately indifferent for not intervening under such situations.  Finally, the Complaint improperly seeks punitive damages against Lawrence County.  Punitive damages are never available against municipal defendants.  Because these deficiencies cannot be remedied by further pleading, it is respectfully requested that the claims against Lawrence County be dismissed with prejudice.

## II.    STATEMENT OF THE CASE

The Complaint alleges that in May of 2012, Plaintiff was an inmate at SCI-Mercer. Complaint at ¶ 11.  SCI-Mercer transferred him to the Lawrence County Correctional Facility as part of a prisoner transfer program. *Id.*  In September of 2012, Plaintiff slipped and fell at some identified area of the jail.  *Id.* at ¶ 12.  Plaintiff claims the slip and fall "was caused by a Lawrence County Jail policy requiring inmates to wear shower shoes as opposed to state issued footwear." *Id.* at ¶ 12. Plaintiff "immediately required medical attention" from some identified person. *Id.* at ¶ 13. He "was given band-aids and informed that he would receive a visit from a nurse when one was available." *Id.* at ¶ 14.  Defendant "Nurse Fran" (Fran Kloss, LPN, *see* ECF no. 8)  examined Plaintiff that "same evening." *Id.* at ¶ 15.  The next morning, Plaintiff spoke to Defendant "Nurse Roxanne" (Roxanne Demonaco, LPN, *see* ECF no. 8) who gave him band-aids and pain medication.  *Id.* at ¶ 17.  Plaintiff completed a medical request slip.  *Id.* at ¶ 18.  In response, the PrimeCare staff, "including Dr. John Doe, Nurse Fran and Nurse Roxanne, only made a cursory examination of his condition[.]" *Id.* at ¶ 19.   Approximately one week later,

Plaintiff again told Nurse Fran that he believed that his left elbow was broken. *Id.* at ¶ 20. Nurse Fran told him there was nothing wrong with his shoulder or elbow. *Id.* at ¶ 21.

Sometime later, Plaintiff was given a routine physical by the PrimeCare staff. *Id.* at ¶ 23. He complained of pain in his left elbow, shoulder and back. *Id.* at ¶ 23. The PrimeCare staff told him that these injuries were outside the scope of the routine physical and that if he wanted assistance, he would need to complete a medical request slip. *Id.* at ¶ 24. Plaintiff completed the request slip, but claims that PrimeCare never responded. *Id.* at ¶¶ 25, 26.

In February of 2013, Plaintiff was returned to SCI-Mercer. *Id.* at ¶ 28. The SCI-Mercer medical staff x-rayed Plaintiff's left arm and elbow. *Id.* at ¶¶ 30, 31. He was allegedly diagnosed with an elbow fracture and left shoulder strain. *Id.* at ¶ 31. The SCI-Mercer medical staff allegedly told him that his elbow had healed improperly and that there was no surgical course of action to alleviate his continued pain and suffering. *Id.* at ¶ 32. Plaintiff's Complaint alleges that Lawrence County, PrimeCare Medical, Inc., Defendant Dr. John Doe and Defendant Nurses Fran and Roxanne violated his civil rights and were negligent in several particulars. None of these claims are viable against Lawrence County.

## III.   ARGUMENT

### A.   Standards applicable to Motions to Dismiss.

The United States Court of Appeals for the Third Circuit summarized the standard to be applied in deciding Motions to Dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is

> liable for the misconduct alleged." Although "[f]actual allegations must be
> enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v.*
> *Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations
> that raise a reasonable expectation that discovery will reveal evidence of the
> necessary element." *Fowler* [*v. UPMC Shadyside*], 578 F.3d [203,] 213 [(3rd. Cir.
> 2009)] (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n*
> *of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir. 2013).

*Thompson v. Real Estate Mortgage Network*, 748 F.3d 142 (3d Cir. 2014).

"[W]hen presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis." *Fowler*, 578 F.3d at 210. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 211 (citing *Iqbal*, 129 S. Ct. at 1949). "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* (citing *Iqbal*, 129 S. Ct. at 1950). "This 'plausibility' determination will be 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (citing *Iqbal*, 129 S.Ct. at 1949). A complaint has to "show" such an entitlement with its facts. *Id.* (citing *Phillips v. County of Allegheny*, 515 F.3d 224,234-35 (3d Cir.2008)). "'Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,'" a complaint is properly dismissed. *Id.* (citing *Iqbal*, 129 S. Ct. at 1949).

**B.     Plaintiff's claims against Lawrence County concerning the cause of the alleged slip and fall cannot state a claim upon which relief may be granted.**

The Complaint attempts to impose liability on the County for allegedly causing Plaintiff to slip and fall, and for purportedly improper medical treatment for his injuries. The claims concerning the cause of the slip and fall are appropriately dismissed because they are facially

barred by the applicable statute of limitations. Further, what is alleged, even if true, does not arise to the level of a civil rights violation.

1.      *Plaintiff's claims arising out of the alleged slip and fall are barred by the applicable statutes of limitation.*

The Complaint claims that Lawrence County was negligent "in maintaining a policy requiring inmates to wear improper footwear at inappropriate times on hazardous surfaces thereby creating a hazardous condition." *Id*. at ¶ 48(c). It also appears that the allegation concerning inmates' shoes being slippery on the floor is being asserted as a civil rights claim. The Complaint alleges that the slip and fall "was caused by a Lawrence County Jail policy requiring inmates to wear shower shoes as opposed to state issued footwear." *Id*. at ¶ 12.

The statute of limitations is the same for both negligence and civil rights theories. Section 1983 does not provide for a specific statute of limitations period.  As a result, federal courts must look to the personal injury statute of the state where the injury occurs in order to determine the applicable statute of limitations in a Section 1983 case. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *Sullivan v. City of Pittsburgh*, 811 F.2d 171 (3d. Cir. 1987), cert. denied,108 S.Ct. 148, 98 L.Ed.2 105 (1987). In a Section 1983 action, any questions of tolling and the application of the statute of limitations are matters of state law.  *See, e.g., Delaware State College v. Ricks*, 449 U.S. 250, 258, 101 S. Ct. 498, 504 (1980).  The applicable Pennsylvania statute of limitations requires that a claim be brought within two years of the date of the injury. 42 Pa. Stat. Ann. § 5524.

The Complaint alleges that Plaintiff slipped and fell in September 2012. Complaint at ¶ 12.  Giving Plaintiff every benefit of the doubt, the statute of limitations would have run on

October 1, 2014.  Plaintiff did not file this lawsuit until February 3, 2015. *See* Docket. Any claim concerning the slip and fall was filed, at a minimum, 125 days too late.

Plaintiff cannot claim that the discovery rule tolled the statute of limitations. The discovery rule does not apply where, like here, persons know they are injured, but they do not know the extent of their injury. *See Bradley v. Ragheb*, 633 A.2d 192, 196 (Pa. Super. 1993). The Complaint alleges that Plaintiff knew he was injured the day he slipped and fell. It claims that after the fall, he was in "great pain" and was "experiencing severe bleeding from his elbow." Complaint at ¶ 12. He sought medical attention that day, the following morning, and the following week because he "believed his left arm was broken and was continuing to experience severe pain in his elbow and left shoulder." *Id*. at ¶¶ 17-20.  If the Complaint is to be believed, Plaintiff knew that he was hurt the same day as he fell.  He believed his arm to be broken. Because Plaintiff knew he was injured on the day of the fall, the discovery rule does not toll the statute of limitations until the x-ray confirmed the extent of his injury.

Because the Plaintiff was not even close to filing claims concerning the cause of slip and fall timely, the deficiencies in such claims cannot be cured by further amendment.  They should be dismissed with prejudice.

> 2. *Slippery floors are not cruel and unusual punishment under the Eighth Amendment.*

The Eighth Amendment applies in this case because Plaintiff had been convicted and sentenced to a term of incarceration. *See* Complaint at ¶ 11. The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement [and to] ensure that inmates receive adequate food, clothing, shelter, and medical care". *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In order to state a claim challenging

conditions of confinement under the Eighth Amendment, an inmate must demonstrate that the challenged condition must be "objectively, sufficiently serious [and] must result in the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (internal citation and quotation omitted). However, as the United States Court of Appeals for the Third Circuit has explained, ""not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny.'" *Fuentes v. Wagner*, 206 F.3d 335, 344–45 (3d Cir.2000). (quoting *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). "After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Id.* (quoting *Whitley v. Albers*, 475 U.S. at 319). Only "extreme deprivations" may make out a conditions of confinement claim, because "routine discomfort is part of the penalty offenders pay for their crimes against society." *Hudson v. McNillan*, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

Slippery floors and shoes do not implicate the Eighth Amendment. This Court has repeatedly dismissed such claims. *Painter v. Dunkle*, 2006 WL 3749856 at *4 (W.D. Pa. Dec. 18) (dismissing Eighth Amendment claim arising out of slip and fall in a shower allegedly caused by slippery floor and lack of hand rails, opining that the claim "sounds, if anything, in negligence, which is not actionable under 42 U.S.C. § 1983."); *Bowen v. Folino*, 2011 WL 6019283 at *2 n.2 (W.D. Pa. Dec. 2, 2011) (granting a Rule 12(b)(6) motion in a claim where an inmate claimed that his Eighth Amendment rights were violated by a fall in the shower, noting that even if the inmate could show an awareness by the defendant of a dangerous condition, such a claim "at most, amounts to a claim for negligence which does not rise to the level of the intentional or deliberate indifference required to establish a constitutional violation under Section 1983.").

*See also Pena v. Morris County Correctional Facility*, 2010 WL 3946694 at *8 (Oct. 8, 2010)

(citing *Carpenter v. Kloptoski*, Civil No. 08–2233, 2010 WL 891825 (M.D.Pa. March 10, 2010) (no

Eighth Amendment violation based on fall in shower allegedly caused by defective shower

shoe); *Townsel v. Quinn*, 2008 WL 650284 (W.D. Wash. Jan. 24, 2008), affirmed, 369 Fed. Appx.

830 (9th Cir. March 5, 2010) (no Eighth Amendment violation based on fall in shower caused by

wearing allegedly defective shower shoes); *Wedemeyer v. City of Williston Unknown Transport

Officers*, 2007 WL 1855050 (D.N.D. June 26, 2007) (no Eighth Amendment violation based on

fall allegedly resulting from forced wearing of shower shoes outside on ice); *Robinson v. Doe II*,

2006 WL 1686706 (E.D. Cal. June 20, 2006) (no Eighth Amendment violation based on fall

allegedly resulting from required wearing of shower shoes in wet showers))).

     Regardless of whether the claim is a slippery floor, or slippery shoes, or both, such a

claim does not rise to the level of an Eighth Amendment violation.  For this reason as well, any

civil rights claim arising out of the alleged cause of Plaintiff's fall should be dismissed with

prejudice.

**C.**    **Plaintiff's claims against Lawrence County concerning the medical care for his injuries
fails to state a claim upon which relief may be granted.**

     The Complaint seeks to impose liability on Lawrence County for the medical care

provided to Plaintiff under both negligence and civil rights theories.

     *1.*    *The Political Subdivision Tort Claims Act prohibits Plaintiff from pursuing medical
negligence claims against Lawrence County.*

     The Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa.C.S.A. § 8541 *et. seq.*, renders

Lawrence County is immune from the negligence claims asserted in the Complaint. Counties are

municipal entities that are subject to governmental immunity under the PSTCA. *See, e.g.,*

*Weaver v. Franklin County*, 918 A.2d 194, 199 (Pa. Cmwlth. 2007) (Counties are local agencies under 42 Pa. C.S. § 8541). Generally, unless some exception exists, a municipal agency is immune from tort liability sounding in negligence.  42 Pa.C.S. § 8541.  Those enumerated exceptions, which are set forth in 42 Pa.C.S. § 8542(a)(1), include the following categories:

a.      Vehicle liability;

b.      Care, custody or control of personal property in possession of Commonwealth;

c.      Care, custody or control of real property in possession of Commonwealth;

d.      Commonwealth real estate, streets and sidewalks – dangerous conditions of real estate;

e.      Utility service facilities–dangerous conditions caused by such facilities; and

f.      Care, custody or control of animals in the possession or control of a Commonwealth party, including police dogs and horses.

42 Pa.C.S. § 8542(b).  "The expressed legislative intent to insulate the Commonwealth and its political subdivisions from liability requires courts to interpret the exceptions to governmental immunity narrowly against injured plaintiffs." *Thomas v. City of Philadelphia*, 668 A.2d 292, 297 (Pa. Cmwlth. 1995) (citing *Mascaro v. Youth Study Center*, 523 A.2d 1118 (Pa. 1987)).

Here, the Complaint alleges that Lawrence County was negligent in its provision of medical care to the Plaintiff in various respects. In particular, it seeks to hold the County directly or vicariously liable for medical negligence of it's the health care professionals. *See* Complaint at ¶ 48(h) (negligently "delaying the assessment, diagnosis and proper treatment of the Plaintiff"); (i) ("failing to give significance to the findings and/or diagnoses"); (j) ("in failing

to follow up with Plaintiff in light of his repeated medical requests, symptoms and complaints");
*id*. ¶ 48 (a), (b), (d)-(g), (k)-(m).

Medical malpractice does not fall within any of the exceptions to the Act. *Weissman v.
City of Philadelphia*, 513 A.2d 571, 572 (Pa. Cmwlth. 1986) (citing *Gill v. County of Northampton*,
488 A.2d 1214 (Pa. Cmwlth. 1985). Nor does an alleged failure to implement policies or train
staff to provide medical care. *See* 42 Pa.C.S. § 8542(b).  Immunity has not been waived for any
of these claims.  Dismissal of the negligence count against Lawrence County, in its entirety and
with prejudice, is appropriate.  The theories of liability being asserted by Plaintiff simply cannot
be pursued against Lawrence County.

>    2.    *The County could not be held deliberately indifferent to serious medical needs
>          because of the admitted involvement of medical professionals in Plaintiff's care.*

The Complaint alleges that Lawrence County and PrimeCare were deliberately
indifferent to Plaintiff's serious medical needs in various respects.  Even if what the Complaint
alleges is assumed to be true, it does not rise to the level of deliberate indifference to serious
medical needs.

To establish civil rights liability against a municipal defendant like Lawrence County, a
plaintiff must demonstrate that a prison official violated the plaintiff's civil rights, and that  a
"'policy or custom' of the [defendant] was the 'moving force' behind a violation of his Eighth
Amendment rights." *See, e.g., Clark v. Reg'l Med. First Correctional*, 360 F. App'x 268, 269-70
(3d Cir. 2010) (quoting *Grayson v. Mayview State Hospital*, 293 F.3d 103, 107 (3d Cir.2002)
(citations omitted)). To establish an Eighth Amendment violation arising out of an alleged
deprivation of medical care, a plaintiff must show a prison official was 1.) "deliberately
indifferent" 2.) to a "serious medical need" of the plaintiff. *See, e.g., Estelle v. Gamble*, 429 U.S.

97, 104, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976).  Here, Plaintiff alleges that he had a broken arm.  For the purposes of this Motion, the existence of a serious medical need is not at issue. Where Plaintiff's claim fails is the element of deliberate indifference.

"Deliberate indifference" can be shown where the prison official: 1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; 2) delays necessary medical treatment based on a non-medical reason; or 3) prevents a prisoner from receiving needed or recommended medical treatment.  *Id*. at 346-47. In order to rise to the level of deliberate indifference, a defendant's state of mind must rise to the level of "willful disregard":

> [A] prison official cannot be found liable . . . for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; *the official must both be aware of facts from which the inference may be drawn that a substantial risk of serious harm exists and also draw the inference.*

*Nickens v. Good*, 2007 WL 1875810 (W.D. Pa. June 27, 2007) (quoting *Farmer v. Brennan*, 511 U.S. 825, 827 (1994)) (emphasis added).

Here, correctional officers could not be deliberately indifferent to a serious medical need because he was examined and treated by the medical staff.  As the Brief of the PrimeCare Defendants correctly observes, Plaintiff was treated for his complaints. *See* ECF no.8 at 6-10. Plaintiff was seen by Defendant Nurse Fran the same day as the fall. Complaint at ¶ 15. He was seen the following morning by Defendant Nurse Roxanne. *Id*. at ¶ 17.  He was seen again by Nurse Fran a week later. *Id*. at ¶ 20.  He was given a routine physical after the fall. *Id*. at ¶ 24. As PrimeCare's Brief observes, what is alleged fails to state a claim against the health care defendants.  The claim against the non-medical correctional officers would be even more

attenuated.  None of these health care providers are alleged to have stated that Plaintiff had a broken arm or any injury requiring him to be transferred to a hospital.  Under these circumstances, a correctional official could not have had the awareness of the existence of a serious medical need such that they could be held deliberately indifferent for not second-guessing the medical professionals.

The United States District Court for the Western District of Pennsylvania has repeatedly dismissed inmates' medical claims against correctional employees when an inmate is under the care of medical personnel.  "The general rule is that where a prisoner is being treated by medical personnel, non medical prison officials cannot be deliberately indifferent for failing to intervene in the medical treatment and/or medical decisions." *Young v. Beard*, 2008 WL 2693860 (W.D. Pa. April 04, 2008) (report and recommendation adopted as modified on other grounds, 2008 WL 2693859 (W.D. Pa. June 30, 2008) (citing *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir.1993)); *see also McCoy v. Beard*, 2008 WL 3544772 at *3 (W.D. Pa. August 12, 2008)).  In *Spruill v. Gillis*, 372 F.3d 218 (3d. Cir. 2004), the Third Circuit held:

> If a prisoner is under the care of medical experts  . . .  a non medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor. Moreover, under such a regime, non medical officials could even have a perverse incentive not to delegate treatment responsibility to the very physicians most likely to be able to help prisoners, for fear of vicarious liability.
>
> Accordingly, we conclude that, absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non medical prison official  . . .  will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.

{W0072543.1}                                    12

*Id*. at 236 (affirming the grant of defendant correctional officers' motion to dismiss).

In *Isley v. Beard*, 200 Fed. Appx. 137 (3d. Cir. 2006), an inmate brought a civil rights claim against health care professionals and non-medical employees alleging deliberate indifference to serious medical needs. The plaintiff pursued this claim against both medical and correctional officials.   As to the correctional officials, the plaintiff argued "that they are nonetheless liable because they were aware of these conditions and did not act to secure him proper treatment." *Id*. at 142.  The Third Circuit rejected this argument as a matter of law, noting that the non-medical employees "are not medical professionals and cannot 'be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by a prison doctor.'" *Id*. (citing *Durmer*, 991 F.2d at 69; *Spruill*, 372 F.3d at 236) . Other unpublished Third Circuit opinions also follow this same principle.  *See, e.g., Innis v. Wilson*, 334 Fed. Appx. 454, 456-57  (3d. Cir. 2009); *Smith v. Municipality of Lycoming County*, 335 Fed. Appx. 147 (3d. Cir. 2009) (same); *Davila Bajana v. Sherman*, 278 Fed. Appx. 91, 91 (3d. Cir. 2008).

Because what is alleged would not amount to a constitutional violation by a County employee, Plaintiff's claim fails.  A County policy could not be the moving force in causing a violation if no violation occurred.

Additionally, the Complaint focuses on the actions of the health care providers, and attempts to hold the County liable for their actions. Vicarious liability does not exist in civil rights claims. *See, e.g., Watson v. Abington Twp.,* 478 F.3d 144, 155 (3d Cir. 2007).  What is alleged is, at most, a medical malpractice claim, not a civil rights violation. The County is not a

proper defendant in this case. All claims against the County should be dismissed with prejudice.

**D.    Punitive damages are never available against county governments.**

Finally, the Complaint's prayer for relief improperly seeks "[a]n award of . . . punitive damages against each Defendant[.]" Punitive damages are never available against municipal defendants in civil rights cases. *See  City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (Punitive damages not available against municipalities under 42 U.S.C. § 1983); *Miller v. Kidspeace National Centers for Kids in Crisis, Inc.*; 988 F. Supp. 848, 859 (M.D. Pa. 1997) (holding "punitive damages are not recoverable against a municipal or county government"); *Teed v. Hilltown Twp.*, 2004 WL 1149486 (E.D. Pa. 2004) ("Municipalities and other governmental entities are immune from punitive damages under § 1983."); *Cuvo v. Mazzeo*, 2004 WL 2609110 (E.D. Pa. 2004). Punitive damages are not available in negligence actions, either. They are barred by the Political Subdivision Tort Claims Act. 42 Pa. C.S. § 8553.

The rationale for the unavailability of punitive damages against government entities is obvious: punitive damages are intended to punish. An award of punitive damages would be paid by the taxpayers. Therefore, "an award of punitive damages would burden the very taxpayers and citizens for whose benefit the wrongdoer was being chastised." *City of Newport*, 453 U.S. at 263.

Punitive damages cannot be imposed on Lawrence County. Even if Plaintiff could state a viable substantive claim against it, (which he cannot), any claim for punitive damages against the County should be dismissed with prejudice.

## IV.     CONCLUSION

Lawrence County is not a proper defendant in this case. The applicable law does not permit the Plaintiff to pursue any of these claims against it.   It should be dismissed as a defendant with prejudice, and its name removed from the caption.

Respectfully submitted,

JONESPASSODELIS, PLLC

By: _s/Michael R. Lettrich_____
      MICHAEL R. LETTRICH, ESQUIRE
      PA I.D. #80635
      E-Mail: mlettrich@jonespassodelis.com

      MARIE MILIE JONES, ESQUIRE
      PA I.D. #49711
      E-Mail: mjones@jonespassodelis.com

      Gulf Tower, Suite 3510
      707 Grant Street
      Pittsburgh, PA  15219
      Phone: (412) 315-7272
      Fax: (412) 315-7273

      Counsel for Defendant,
      COUNTY OF LAWRENCE

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been forwarded to all counsel of record by:

\_\_\_\_\_   U.S. First Class Mail, Postage Paid

\_\_\_\_\_   Hand Delivery

\_\_\_\_\_   Certified Mail, Return Receipt Requested

\_\_\_\_\_   Facsimile Transmittal

\_\_\_\_\_   UPS Delivery

__X__   Electronic Filing/Service

at the following address:

Louis J. Kroeck, IV, Esquire
ANSTANDIG, McDYER AND YURCON
707 Grant Street, Suite 1300
Pittsburgh, PA 15219
*(Counsel for Plaintiff)*

John R. Ninosky, Esquire
Johnson, Duffie, Stewart & Weidner
301 Market Street
P.O. Box 109
Lemoyne, PA  17043-0109
*(Counsel for Defendants, PrimeCare Medical, Inc., Roxanne Demonaco, LPN and Fran Kloss, LPN)*

JONESPASSODELIS, PLLC

Date:  March 31, 2015

 s/Michael R. Lettrich_____
MICHAEL R. LETTRICH, Esquire
MARIE MILIE JONES, Esquire

Counsel for Defendant,
COUNTY OF LAWRENCE

{W0072543.1}