IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY BOYNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 15-139 |
| v. | ) | |
| | ) | |
| COUNTY OF LAWRENCE, DR. | ) | |
| JOHN DOE, NURSE FRAN, NURSE | ) | United States Magistrate Judge |
| ROXANNE and PRIMECARE | ) | Cynthia Reed Eddy |
| MEDICAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

CYNTHIA REED EDDY, United States Magistrate Judge

**I.  Introduction**

Plaintiff Henry Boynes initiated this action by filing a complaint under 42 U.S.C. § 1983 asserting that the above-captioned Defendants – County of Lawrence, Nurse Fran Kloss, Nurse Roxanne Demonaco, Dr. Susen Rossino, and PrimeCare Medical, Inc. – violated his Eighth Amendment rights.[1]  He also asserts that their conduct constituted negligence under Pennsylvania law.  Pending before the Court are three motions to dismiss Boynes' complaint.  The motion filed by PrimeCare, Nurse Kloss, and Nurse Demonaco will be denied in its entirety.  The motion filed by Lawrence County will be denied with respect to Boynes' Eighth Amendment claim, but granted as to Boynes' claims against the County for punitive damages and negligence.  The motion filed by Dr. Rossino will be denied in its entirety.

---

[1] The individual Defendants are named in the complaint only as "Nurse Fran," "Nurse Roxanne," and "Dr. John Doe," but are identified in the applicable motions to dismiss and/or in Boynes' certificates of merit by their full names.  Accordingly, they will be referred to hereinafter as "Nurse Kloss," "Nurse Demonaco," and "Dr. Rossino."  Further, the Court will refer to County of Lawrence hereafter as either "the County" or "Lawrence County," and will refer to PrimeCare Medical, Inc. hereafter as "PrimeCare."

1

## II.     Factual and Procedural Background

For purposes of resolving the pending motions, the Court accepts all of the factual allegations in the complaint as true, and draws all reasonable inferences in a light most favorable to Boynes.[2]

In May 2012, Boynes was incarcerated at SCI-Mercer. Pursuant to a nine month prisoner transfer program, he was transported to and housed at the Lawrence County Jail. At all times relevant hereto, Lawrence County had contracted with PrimeCare to provide medical staff and services to inmates in the Lawrence County Jail.

In September 2012, Boynes slipped and fell while he was showering at the Lawrence County Jail. From the fall, Boynes experienced great pain in his elbow, shoulder, and back. His elbow was severely bleeding. Boynes immediately requested medical attention, and was given band-aids. That same evening, he was seen by Nurse Kloss, an employee of PrimeCare. Nurse Kloss told Boynes that she did not believe that his injury was serious, and provided him with more band-aids and pain medication. Boynes told Nurse Kloss that he was experiencing great pain in his left elbow and shoulder, and thus, he felt that he required additional treatment. Nurse Kloss denied this request. The next morning, Boynes was seen by a different nurse employed by PrimeCare, Nurse Demonaco. Boynes reiterated that he was in great pain and stated that he required additional medical assistance. Nurse Demonaco issued him more band-aids and pain medication, but denied any further assistance.

Boynes completed a medical request slip requesting additional medical services. Boynes claims that Nurse Kloss, Nurse Demonaco, and Dr. Rossino did not provide him with proper medical examinations or care. They only gave him cursory medical examinations and continued treating him with band-aids and pain medication. About a

---

[2]  See Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).

week later, Boynes complained again to Nurse Kloss that he was still experiencing pain in his elbow and shoulder. He also stated that he believed that his elbow was broken. Nurse Kloss replied that that there was nothing wrong with Boynes' shoulder or elbow, and thus, provided him with no additional medical treatment.

Boynes continually requested medical assistance from the PrimeCare medical staff, but was continually denied any further treatment or examinations. The medical staff eventually stopped providing him pain medication altogether. Boynes also complained about his pain to the PrimeCare medical staff during a routine physical.[3] However, he was told that his injuries were outside the scope of the physical. He was instead advised to complete a medical request slip, which he did immediately thereafter, but never received a response.

In February 2013, Boynes was transferred back to SCI-Mercer. Upon arrival, he informed the medical staff at SCI-Mercer that he continued to suffer extreme pain in his elbow, arm, and shoulder. Less than a day later, he was "finally" given "a proper examination." He received an x-ray of his left arm and elbow, which revealed that his elbow was indeed fractured and that his shoulder was sprained from the fall. He was further told that his elbow had healed improperly in the following months, and that there is no form of corrective surgery available to alleviate his continued pain and suffering. Boynes alleges that his shoulder and elbow may now be permanently impaired as a result of the Defendants' actions.

On February 3, 2015, Boynes initiated this action against the Defendants, asserting federal claims under § 1983 for violation of his Eighth Amendment rights and state law

---

[3] The complaint does not specify exactly when this physical occurred, only that it happened sometime after Boynes was injured from the fall.

claims for negligence.[4] Defendants have filed three separate motions to dismiss,[5] all of which have been fully briefed by the parties.[6] Accordingly, these matters are now ripe for disposition.[7]

## II. Standard of Review – Rule 12(b)(6)

The Federal Rules of Civil Procedure prescribe a notice pleading standard in which a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief."[8] To satisfy this standard, the well-pleaded factual content in the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,"[9] and also "raise a right to relief above the speculative level."[10] When faced with a motion to dismiss under Rule 12(b)(6), the factual and legal elements of a claim must be separated.[11] The well-pleaded facts are accepted as true, but legal conclusions may be disregarded.[12] Next, a determination is made as to "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief;'" that is, whether the facts in the complaint *show* that the plaintiff is entitled to relief.[13] This plausibility determination is "a context-specific task that

---

[4] (ECF No. 1).
[5] (ECF No. 7, 11, 30).
[6] *See* (ECF No. 8, 12, 16, 17, 31, 33). The Court further notes that on November 25, 2015, Dr. Rossino filed an untimely reply brief. *See* (ECF No. 34); Practices and Procedures for United States Magistrate Judge Cynthia Reed Eddy, Section II.B.3 ("Reply briefs of no more than five (5) pages may be filed within fourteen (14) days of service of a response to a dispositive motion."). The Court has nevertheless reviewed the contents of this brief, and concludes that it does not alter the decision herein.
[7] By consent of the parties (ECF No. 19, 20, 21, 28), the undersigned has full authority to conduct any and all proceedings in this matter without district court review. 28 U.S.C. § 636(c); Roell v. Withrow, 538 U.S. 580, 585 (2003).
[8] Fed. R. Civ. P. 8(a).
[9] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).
[10] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and citations omitted).
[11] Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).
[12] Id. at 210-11; see also Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) ("[T]he court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.") (quotation and citation omitted).
[13] Fowler, 578 F.3d at 211.

requires the reviewing court to draw on its judicial experience and common sense."[14] It does not, however, "impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the necessary elements of the claim.[15]

## III. Discussion[16]

### A. Exhaustion under PLRA

PrimeCare, Nurse Kloss, Nurse Demonaco, and Dr. Rossino contend that Boynes' § 1983 claims should be dismissed because Boynes has failed to allege facts showing that he exhausted his administrative remedies through the applicable grievance process at the jail. The Prison Litigation Reform Act ("PLRA") prohibits prisoners from bringing an action under § 1983 or any other federal law with respect to prison conditions until such administrative remedies as are available are exhausted.[17] "Failure to exhaust is an affirmative defense the defendant must plead and prove; it is not a pleading requirement for the prisoner-plaintiff."[18] Therefore, the Defendants' position that Boynes' § 1983 claim is subject to dismissal for failing to plead allegations that he exhausted the grievance process is without merit.

The Court agrees with Boynes that the affirmative defense of exhaustion is not apparent on the face of the complaint.[19] Although Boynes in his complaint avers that he found the Lawrence County Jail grievance system to be futile,[20] the complaint does not otherwise provide any information regarding whether or not he actively participated in the grievance process.

---

[14] Iqbal, 556 U.S. at 679.
[15] Twombly, 550 U.S. at 557.
[16] For purposes of efficiency, the Court will discuss the three pending motions to dismiss together, as they contain many similar arguments.
[17] 42 U.S.C. § 1997e(a).
[18] Small v. Camden Cnty, 728 F.3d 265, 268-69 (3d Cir. 2013) (citations omitted).
[19] See Ball v. Famigilio, 726 F.3d 448, 459 (3d Cir. 2013) (a party may seek dismissal of a claim by filing a Rule 12(b)(6) motion if an affirmative defense, including PLRA exhaustion, appears on the face of the complaint).
[20] (Compl. ¶ 27, ECF No. 1); see Nyhuis v. Reno, 204 F.3d 65 (3d Cir 2000) (courts may not excuse compliance with the exhaustion requirement based on futility or inadequacy).

Accordingly, at this early stage, Defendants' contention that Boynes has failed to exhaust his administrative remedies cannot serve as a basis for dismissing his § 1983 claims.

B.  **Statute of Limitations**

Dr. Rossino asserts that Boynes' claims against her are barred by virtue of the statute of limitations.[21] The applicable statute of limitations period for both the § 1983 claim and the negligence claim against Dr. Rossino is two years.[22] Generally, a "cause of action accrues, and the statute of limitations begins to run, 'when the plaintiff knew or should have known of the injury upon which [his] action is based.'"[23] This is an objective inquiry, which focuses on what a reasonable person should have known.[24] "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers the injury," even if the full extent of the plaintiff's injury is not known or predictable at that moment in time.[25] Because the issue of statute of limitations is an affirmative defense,[26] Dr. Rossino will not be entitled to dismissal of Boynes' claims on this basis unless it is apparent on the face of the complaint.[27]

Boynes commenced this action by filing the complaint on February 3, 2015.[28] The

---

[21] The County also moved to dismiss Boynes' § 1983 claim and negligence claim regarding a policy for wearing inappropriate footwear in the showers on statute of limitations grounds. However, Boynes clarified in his response that he is not raising such a claim against the County, noting that those facts were only pled in order to give background surrounding the accident. Thus, the Court need not address this issue.

[22] See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) ("The length of the statute of limitations for a § 1983 claim is governed by the personal injury tort law of the state where the action arose … [which] in Pennsylvania is two years.") (citing Wallace v. Kato, 589 F.3d 626, 634 (3d Cir. 2009) and 42 Pa.C.S. § 5524(2)); Wilson v. El-Daief, 964 A.2d 354, 356 (Pa. 2009) (claim for negligence based on medical care is governed by Pennsylvania's two year statute of limitations set forth in 42 Pa.C.S. § 5524(2)).

[23] Kach, 589 F.3d at 634 (quoting Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998)).

[24] Id. (citing Barren v. United States, 839 F.2d 987, 990 (3d Cir. 1988)).

[25] Id. (citing United States v. Kubrick, 444 U.S. 111, 120 (1979)).

[26] Fed. R. Civ. P. 8(c)(1).

[27] See Leveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense … appears on its face.").

[28] Boynes contends that the complaint should have been filed by the Clerk's Office on January 30, 2015. In support, he attaches his ECF Payment receipt which shows that he electronically paid the filing fee on January 30, 2015 at 6:37 PM. However, an ECF Payment receipt does not, by itself,

complaint lacks specificity with respect to when Dr. Rossino examined, treated, and/or diagnosed Boynes, but all of the allegations asserted against her occurred prior to February 2013. Therefore, Dr. Rossino argues that Boynes' claims are more than two years old, and thus, time barred. However, Boynes counters that the discovery rule is applicable here. When applicable, "the discovery rule may operate to toll the statute limitations until the plaintiff discovers, or reasonably should discover, that [he] has been injured and that [his] injury has been caused by another party's conduct."[29]

Although Dr. Rossino emphatically opposes application of the discovery rule, the Court agrees with Boynes that it would be premature and improper to dismiss his claims against Dr. Rossino at the motion to dismiss stage on statute of limitations grounds.[30] The complaint alleges that Boynes continuously complained of severe pain and requested additional medical treatment for several months, but was consistently denied further treatment and told that there was nothing wrong with him. Due to his incarceration, Boynes was unable to get a second medical opinion, and his belief that his elbow was broken was not substantiated until he was transferred to SCI-Mercer in February 2013. Under these circumstances, Dr. Rossino has not established that her affirmative defense of statute of limitations is apparent on the face of complaint. This statute of limitations issue cannot be resolved until after the parties develop a factual record through discovery.

---

establish that all the requisite steps were taken to properly file the complaint. *See* ECF User Manual, "Filing an Initial Pleading in a Civil or Miscellaneous Case," 27-28 (explaining that when an initial pleading requires a filing fee, the filing user will automatically be transferred to the pay.gov site directing the user to input his or her credit card information, and then the user is to complete the appropriate steps for filing the complaint). Thus, unless Boynes can also produce a Notice of Electronic Filing dated January 30, 2015, the Court will use February 3, 2015 as the applicable filing date. *See* W.D.Pa.'s Electronic Case Filing Policies and Procedures, Section 4. "Consequences of Electronic Filing" ("A document filed electronically is deemed filed on the "**filed on**" date on the Notice of Electronic Filing from the court.").

[29] Wilson, 964 A.2d at 361-62 (citation omitted).

[30] Id. at 362 ("[T]he determination concerning the plaintiff's awareness of the injury and its cause is fact intensive and therefore, ordinarily is a question for a jury to decide. However, courts may resolve the matter at the *summary judgment stage* where reasonable minds could not differ on the subject.") (internal citations omitted, emphasis added).

## C. Eighth Amendment Claims

### 1. Eighth Amendment Claims against Nurse Kloss, Nurse Demonaco, & Dr. Rossino

In order for a prisoner to state a cognizable claim concerning conditions of confinement relating to medical care under the Eighth Amendment, he "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."[31] Defendants do not dispute that Boynes' injuries objectively constitute serious medical needs. Therefore, the Court's inquiry will focus only on the element of deliberate indifference. The Supreme Court has characterized "deliberate indifference [as] lying somewhere between the poles of negligence at one end and purpose or knowledge at the other," comparing it to criminal recklessness.[32] Whether a prison official or medical worker exhibits deliberate indifference is a subjective inquiry. Thus, to be found liable, such an individual must (1) know of and disregard an excessive risk to inmate health or safety; (2) be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; and (3) actually draw the inference.[33]

Moreover, the United States Court of Appeals for the Third Circuit has identified the following non-exhaustive "variety of circumstances" where a prison official may be found deliberately indifferent: (1) where he knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) where he delays necessary medical treatment based on a non-medical reason, (3) where he prevents a prisoner from receiving needed or recommended medical treatment, or (4) where he persists in a particular course of treatment in the face of pain and risk of permanent injury.[34]

---

[31] Estelle v. Gamble, 429 U.S. 92, 106 (1976).
[32] Farmer v. Brennan, 511 U.S. 825, 836 & n. 4 (1994).
[33] Id. at 837.
[34] Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citations omitted).

Nurse Kloss, Nurse Demonaco, and Dr. Rossino all assert that Boynes' allegations do not show that they exhibited deliberate indifference to his serious medical needs. They argue that his allegations in the complaint, at most, amount to medical malpractice, which does not constitute deliberate indifference.[35] They further argue that because Boynes was provided some medical care and treatment, i.e., cursory examinations, pain medication, and band-aids, his allegations that they further denied him "proper" medical treatment merely amount to a disagreement over their medical diagnosis.[36] According to these Defendants, they are not liable here because their decision not to provide him an x-ray is a medical judgment that is not actionable under the Eighth Amendment.[37] Boynes counters, however, that the allegations in the complaint do not reflect a mere delay in treatment or a disagreement as to the type of treatment provided; his allegations reflect a total denial of proper treatment. The Court agrees with Boynes.

In his complaint, Boynes alleges that over the course of five to six months, he continually complained of great pain in his elbow and shoulder to Nurse Kloss, Nurse Demonaco, and Dr. Rossino. Multiple times he complained that he thought his elbow was broken, and he repeatedly requested that they provide him additional treatment. Despite these continuous and repeated complaints of pain, these individuals only provided Boynes "cursory" examinations, pain medication, and band-aids, all of which were completely ineffective in alleviating his pain. When considering all of the factual allegations in the complaint as true and drawing all reasonable inferences in a light most favorable to Boynes, a fair reading of the complaint leads to the conclusion that Nurse Kloss, Nurse

---

[35] See Estelle, 429 U.S. at 106.
[36] See United States v. Fayette Cnty, 599 F.2d 573, 575 n. 2 (3d Cir. 1979) ("When a prisoner had received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in tort law.") (quotation marks omitted).
[37] See Estelle, 429 U.S. at 107.

9

Demonaco, and Dr. Rossino were all actually aware that Boynes had been suffering for a significant period of time and that he required additional medical care, but chose not to provide him with same, causing his elbow to heal improperly and be permanently impaired.[38]

Although discovery may well reveal that the alleged conduct of Nurse Kloss, Nurse Demonaco, and Dr. Rossino does not give rise to an Eighth Amendment violation, at this stage of the litigation, the Court finds that the complaint sufficiently alleges that these Defendants exhibited deliberate indifference to Boynes' serious medical needs. Therefore, their motions to dismiss this claim are appropriately denied.[39]

    2.    <u>Eighth Amendment Claims against the County and PrimeCare</u>

Boynes alleges in his complaint that both the County and PrimeCare had in place various unconstitutional policies of hiring, training, supervising, and equipping their employees. A municipality, or a private corporation that contracts with a municipality to provide constitutionally-required care, may not be found liable for a § 1983 claim unless it is established that the entity established and maintained a policy, practice, or custom that directly caused the plaintiff's constitutional harm.[40] Liability may not be proven under a respondeat superior theory.[41] "Where the policy 'concerns a failure to train or supervise municipal employees [or privately contracted employees], liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights

---

[38] See Farmer, 511 U.S. at 842 (subjective knowledge or intent may be inferred from the surrounding circumstances, including an inquiry as to whether the risk was obvious).

[39] The Court notes that Dr. Rossino suggests in her brief that she is not an appropriate Defendant for an Eighth Amendment claim, as she is not an employee of Pennsylvania or otherwise a state actor. (ECF No. 31 at 6 n. 3). However, such a determination can only be made once the factual record is developed through discovery.

[40] Connick v. Thompson, 563 U.S. 51, 131 S. Ct. 1350 (2011) (citing Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 692 (1978)); Natale v. Camden Cnty Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).

[41] Monell, 436 U.S. at 692.

of persons with whom those employees will come into contact."[42]

As detailed above, Boynes has sufficiently pled that Nurse Kloss, Nurse Demonaco, and Dr. Rossino, all of whom are alleged to be employees of PrimeCare, exhibited deliberate indifference to Boynes' serious medical needs. While PrimeCare cannot be found liable solely because it employed these three individuals, the Court finds that when drawing upon its judicial experience and common sense, Boynes has alleged sufficient facts to raise a reasonable expectation that discovery may reveal the necessary elements of Boynes' Eighth Amendment claim against PrimeCare for failing to hire, train, supervise, and equip its employees.

The Court also rejects the County's argument that it cannot be found liable for an Eighth Amendment violation when none of its direct employees – the correctional officers – are alleged to have engaged in any misconduct. Indeed, Boynes has specifically alleged that the County itself engaged in unconstitutional conduct regarding its alleged policies of hiring, supervising, training, and equipping the prison's medical workers. As a result, the Court finds that Boynes should also be given the opportunity to engage in discovery regarding his claim that the County had in place policies that violated his Eighth Amendment rights.

3. Punitive Damages

The County alternatively argues that Boynes' claims for punitive damages against it are improper. In his response brief, Boynes did not respond to this argument. The Court agrees with the County that even if Boynes establishes liability, he is not entitled to punitive damages. The Supreme Court has held that municipalities are immune from punitive damages for § 1983 claims.[43] Therefore, Boynes' claim for punitive damages against

---

[42] Thomas v. Cumberland Cnty, 749 F.3d 217, 222 (3d Cir. 2014) (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)).
[43] City of New Port v. Fact Concerts, Inc., 453 U.S. 247 (1981).

Lawrence County is dismissed with prejudice.

Dr. Rossino also alternatively argues that Boynes' claims for punitive damages against her should be stricken. Because the Court disagrees with Dr. Rossino's position that Boynes has only pled allegations demonstrating, at most, ordinary negligence, the Court likewise rejects this argument. Boynes has alleged sufficient factual allegations such that a finder of fact may reasonably infer that Dr. Rossino exhibited deliberate indifference to his serious medical needs.[44] Accordingly, the Court finds that it would be inappropriate and premature to strike Boynes' claim for punitive damages against Dr. Rossino at this stage of the litigation.

### D. Negligence Claims[45]

#### 1. Negligence Claims against Nurse Kloss and Nurse Demonaco

Nurse Kloss and Nurse Demonaco move to dismiss Boynes' negligence claim for failure to file certificates of merit in accordance with Pennsylvania Rule of Civil Procedure 1042.3. This argument, however, is now moot because Boynes, with permission from the Court, subsequently filed the requisite certificates of merit pertaining to Nurse Kloss and Nurse Demonaco.

#### 2. Negligence Claim against PrimeCare

PrimeCare seeks dismissal of Boynes' claim for corporate negligence. According to

---

[44] See Imhoff v. Temas, 67 F.Supp.3d 700, 712 (W.D.Pa. 2014) ("In order to qualify for a punitive damages award [under § 1983], 'the defendant's conduct must be, at a minimum, reckless or callous. Punitive damages might also be allowed if the conduct is intentional or motivated by evil motive, but the defendant's action need not necessarily meet this higher standard.'") (quoting Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989)); Feld v. Merriam, 485 A.2d 742, 747-48 (Pa. 1984) (Under Pennsylvania law, punitive damages "may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. Punitive damages must be based on conduct which is malicious, wanton, reckless, willful, or oppressive.") (internal quotation marks and citations omitted).

[45] As discussed *supra*, Dr. Rossino moved to dismiss Boynes' negligence claim based on statute of limitations grounds. She does not otherwise raise any basis to dismiss this claim.

PrimeCare, under Pennsylvania law, no cause of action for corporate negligence exists against medical facilities in the Pennsylvania county prison system. PrimeCare points to two decisions from Pennsylvania state trial courts in support of its argument on this issue.[46] However, the Court finds the authority offered by Boynes, which predicts that the Supreme Court of Pennsylvania would extend liability for corporate negligence to prison healthcare providers, to be more persuasive.[47] Accordingly, PrimeCare's motion to dismiss this claim is denied.

### 3. Negligence Claim against the County

Lawrence County asserts that Pennsylvania's Political Subdivision Tort Claims Act ("PSTCA") renders it immune from Boynes' negligence claim. Boynes did not respond to this argument in his brief. The Court agrees with the County.

The PSTCA generally provides that "no local agency shall be liable for any damages on account of any injury to a person or property by any act of the local agency or an employee thereof or any other person."[48] Counties are considered local agencies for purposes of the PSTCA.[49] There are eight specific exceptions under the Act where the

---

[46] See Rarrick v. Silbert, 2015 WL 4904829, 78 Pa. D. & C.4th 129, 130 (Lackawanna Ctny 2005); Dowhouer v. Judson, 2000 WL 1142469, 45 Pa. D. & C.4th 172, 174 (Dauphin Cnty 2000).

[47] See Fox v. Horn, 2000 WL 49374, *8 (E.D.Pa. 2000) (because corporate negligence in the healthcare context has been extended to HMOs, it is likely that corporate negligence would likewise be extended to organizations that are responsible for an inmate's total healthcare, especially given the inmate's lack of meaningful choice in the healthcare provided); Finney v. Palakovich, 2010 WL 2902731, *7 (M.D.Pa. 2010) ("[T]here is no difference between the services provided by a hospital and the services provided by health care institutions in prisons, except that a prisoner cannot choose which institution provides the services. As such, to conclude that the same duty of care is not owed to a prisoner as would be owed to any other patient is illogical."); Davis v. Corizon Health, Inc., 2015 WL 518263, *4 (E.D.Pa. 2015) ("A corporation … which provides the exclusive and comprehensive medical services to prison inmates may be held liable under a theory of corporate negligence."); Law v. Correctional Care, Inc., 2014 WL 1767129, *6 (M.D.Pa. 2014) (collecting additional cases in which district courts within the Third Circuit have predicted that Pennsylvania's appellate courts would extend liability to corporate providers of medical care to prison inmates).

[48] 42 Pa.C.S. § 8541.

[49] See, e.g., Weaver v. Franklin Cnty, 918 A.2d 194, 199 (Pa. Cmwlth. 2007).

General Assembly has waived immunity, all of which pertain to negligent acts committed by the local agency or its employees relating to (1) vehicle liability; (2) care, custody or control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody or control of animals.[50] "These exceptions are strictly construed and narrowly interpreted."[51]

Under Pennsylvania law, Lawrence County is immune from the allegations in the complaint asserting that the County is either directly or vicariously liable for the medical malpractice of its employees.[52] Additionally, Boynes' claims that Lawrence County is negligent for failing to implement appropriate policies, and for failing to train or supervise its employees, plainly do not fit within any of the eight narrow exceptions to the PSTCA.[53] Therefore, Lawrence County is statutorily immune from Boynes' negligence claim. As a result, this claim is dismissed with prejudice.

**IV.    Conclusion**

Based on the foregoing, the motions to dismiss filed by the PrimeCare Defendants and Dr. Rossino are denied. The motion to dismiss filed by Lawrence County is denied as it relates to Boynes' Eighth Amendment claim, but granted as it relates to Boynes' claims for punitive damages and negligence. An appropriate Order follows.

Dated: December 16, 2016.

---

[50]  42 Pa.C.S. § 8542(b).
[51]  Weaver, 918 A.2d at 200.
[52]  See Weissman v. City of Phila, 513 A.2d 571, 572 (Pa. Cmwlth. 1986) (citing Gill v. Northampton Cnty, 488 A.2d 1214 (Pa. Cmwlth. 1985)).
[53]  See 42 Pa.C.S. § 8542(b).

14

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF