IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY BOYNES, | CIVIL DIVISION |
| Plaintiff, | No: 2:15-cv-00139 |
| vs. | Magistrate Judge Cynthia Reed Eddy |
| COUNTY OF LAWRENCE, DR. JOHN DOE, NURSE FRAN, NURSE ROXANNE and PRIMECARE MEDICAL, INC., | *Electronically Filed* |
| Defendants. | **JURY TRIAL DEMANDED** |

**ANSWER AND AFFIRMATIVE DEFENSES**

AND NOW comes Defendant SUSEN ROSSINO, M.D., ("Dr. Rossino") (identified in the caption and Complaint as "DR. JOHN DOE") by and through her attorneys, TERRY C. CAVANAUGH, ESQUIRE, BRETT C. SHEAR, ESQUIRE and MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, and files the following Answer and Affirmative Defenses to Plaintiff's Complaint in Civil Action stating as follows:

1. The averments in Paragraph 1 of Plaintiff's Complaint are conclusions of law to which no response is required. To the extent a response is deemed appropriate, those averments are denied.

2. The averments in Paragraph 2 of Plaintiff's Complaint are conclusions of law to which no response is required. To the extent a response is deemed appropriate, those averments are denied.

3. The averments in Paragraph 3 of Plaintiff's Complaint are conclusions of law to which no response is required. To the extent a response is deemed appropriate, those averments are denied.

4. The averments in Paragraph 4 are admitted in part and denied in part. It is denied that Plaintiff suffered from maltreatment at the hands of Dr. Rossino. It is admitted that Plaintiff is an adult individual and was incarcerated at the Lawrence County Jail during the relevant time period.

5. Upon information and belief, the averments of Paragraph 5 of Plaintiff's Complaint are admitted.

6. Upon information and belief, the averments of Paragraph 6 of Plaintiff's Complaint are admitted.

7. Upon information and belief, the averments of Paragraph 7 of Plaintiff's Complaint are admitted.

8. To the extent the averments in Paragraph 8 of Plaintiff's Complaint refer to Dr. Rossino, the substance of those averments are admitted. However, Dr. Rossino is a woman and the averments in Paragraph 8 refer to Dr. Rossino as a male.

9. Upon information and belief, the averments of Paragraph 9 of Plaintiff's Complaint are admitted.

10. Upon information and belief, the averments of Paragraph 10 of Plaintiff's Complaint are admitted.

11. After reasonable investigation, this Defendant is without sufficient information to determine the truth or falsity of the averments in Paragraph 11 of Plaintiff's Complaint. Accordingly, those averments are denied.

12. The averments set forth in Paragraph 12 of Plaintiff's Complaint are generally denied. By way of further response, Defendant avers that the relevant medical records speak for themselves. To the extent the averments set forth in Paragraph 12 of Plaintiff's Complaint differ,

do not accurately reflect and/or exceed the scope of the medical records, said averments are denied.

13. The averments set forth in Paragraph 13 of Plaintiff's Complaint are generally denied. By way of further response, Defendant avers that the relevant medical records speak for themselves. To the extent the averments set forth in Paragraph 13 of Plaintiff's Complaint differ, do not accurately reflect and/or exceed the scope of the medical records, said averments are denied.

14. The averments set forth in Paragraph 14 of Plaintiff's Complaint are generally denied. By way of further response, Defendant avers that the relevant medical records speak for themselves. To the extent the averments set forth in Paragraph 14 of Plaintiff's Complaint differ, do not accurately reflect and/or exceed the scope of the medical records, said averments are denied.

15. The averments set forth in Paragraph 15 of Plaintiff's Complaint are generally denied. By way of further response, Defendant avers that the relevant medical records speak for themselves. To the extent the averments set forth in Paragraph 15 of Plaintiff's Complaint differ, do not accurately reflect and/or exceed the scope of the medical records, said averments are denied.

16. The averments set forth in Paragraph 16 of Plaintiff's Complaint are generally denied. By way of further response, Defendant avers that the relevant medical records speak for themselves. To the extent the averments set forth in Paragraph 16 of Plaintiff's Complaint differ, do not accurately reflect and/or exceed the scope of the medical records, said averments are denied.

17. The averments set forth in Paragraph 17 of Plaintiff's Complaint are generally denied. By way of further response, Defendant avers that the relevant medical records speak for themselves. To the extent the averments set forth in Paragraph 17 of Plaintiff's Complaint differ, do not accurately reflect and/or exceed the scope of the medical records, said averments are denied.

18. The averments set forth in Paragraph 18 of Plaintiff's Complaint are generally denied. By way of further response, Defendant avers that the relevant medical records speak for themselves. To the extent the averments set forth in Paragraph 18 of Plaintiff's Complaint differ, do not accurately reflect and/or exceed the scope of the medical records, said averments are denied.

19. The averments set forth in Paragraph 19 of Plaintiff's Complaint are generally denied. By way of further response, Defendant avers that the relevant medical records speak for themselves. To the extent the averments set forth in Paragraph 19 of Plaintiff's Complaint differ, do not accurately reflect and/or exceed the scope of the medical records, said averments are denied.

20. The averments set forth in Paragraph 20 of Plaintiff's Complaint are generally denied. By way of further response, Defendant avers that the relevant medical records speak for themselves. To the extent the averments set forth in Paragraph 20 of Plaintiff's Complaint differ, do not accurately reflect and/or exceed the scope of the medical records, said averments are denied.

21. The averments set forth in Paragraph 21 of Plaintiff's Complaint are generally denied. By way of further response, Defendant avers that the relevant medical records speak for themselves. To the extent the averments set forth in Paragraph 21 of Plaintiff's Complaint differ,

do not accurately reflect and/or exceed the scope of the medical records, said averments are denied.

22. The averments set forth in Paragraph 22 of Plaintiff's Complaint are generally denied. By way of further response, Defendant avers that the relevant medical records speak for themselves. To the extent the averments set forth in Paragraph 22 of Plaintiff's Complaint differ, do not accurately reflect and/or exceed the scope of the medical records, said averments are denied.

23. The averments set forth in Paragraph 23 of Plaintiff's Complaint are generally denied. By way of further response, Defendant avers that the relevant medical records speak for themselves. To the extent the averments set forth in Paragraph 23 of Plaintiff's Complaint differ, do not accurately reflect and/or exceed the scope of the medical records, said averments are denied.

24. The averments set forth in Paragraph 24 of Plaintiff's Complaint are generally denied. By way of further response, Defendant avers that the relevant medical records speak for themselves. To the extent the averments set forth in Paragraph 24 of Plaintiff's Complaint differ, do not accurately reflect and/or exceed the scope of the medical records, said averments are denied.

25. The averments set forth in Paragraph 25 of Plaintiff's Complaint are generally denied. By way of further response, Defendant avers that the relevant medical records speak for themselves. To the extent the averments set forth in Paragraph 25 of Plaintiff's Complaint differ, do not accurately reflect and/or exceed the scope of the medical records, said averments are denied.

26. The averments set forth in Paragraph 26 of Plaintiff's Complaint are generally denied. By way of further response, Defendant avers that the relevant medical records speak for themselves. To the extent the averments set forth in Paragraph 26 of Plaintiff's Complaint differ, do not accurately reflect and/or exceed the scope of the medical records, said averments are denied.

27. After reasonable investigation, this Defendant is without sufficient information to determine the truth or falsity of the averments in Paragraph 27 of Plaintiff's Complaint. Accordingly, those averments are denied.

28. The averments set forth in Paragraph 28 of Plaintiff's Complaint are generally denied. By way of further response, Defendant avers that the relevant medical records speak for themselves. To the extent the averments set forth in Paragraph 28 of Plaintiff's Complaint differ, do not accurately reflect and/or exceed the scope of the medical records, said averments are denied.

29. The averments set forth in Paragraph 29 of Plaintiff's Complaint are generally denied. By way of further response, Defendant avers that the relevant medical records speak for themselves. To the extent the averments set forth in Paragraph 29 of Plaintiff's Complaint differ, do not accurately reflect and/or exceed the scope of the medical records, said averments are denied.

30. The averments set forth in Paragraph 30 of Plaintiff's Complaint are generally denied. By way of further response, Defendant avers that the relevant medical records speak for themselves. To the extent the averments set forth in Paragraph 30 of Plaintiff's Complaint differ, do not accurately reflect and/or exceed the scope of the medical records, said averments are denied.

31. The averments set forth in Paragraph 31 of Plaintiff's Complaint are generally denied. By way of further response, Defendant avers that the relevant medical records speak for themselves. To the extent the averments set forth in Paragraph 31 of Plaintiff's Complaint differ, do not accurately reflect and/or exceed the scope of the medical records, said averments are denied.

32. The averments set forth in Paragraph 32 of Plaintiff's Complaint are generally denied. By way of further response, Defendant avers that the relevant medical records speak for themselves. To the extent the averments set forth in Paragraph 32 of Plaintiff's Complaint differ, do not accurately reflect and/or exceed the scope of the medical records, said averments are denied.

33. The averments in Paragraph 33 and all of its subparts are conclusions of law to which no response is required. To the extent a response is deemed appropriate, those averments are denied.

34. The averments in Paragraph 34 of Plaintiff's Complaint are conclusions of law to which no response is required. To the extent a response is deemed appropriate, those averments are denied.

**COUNT I – PLAINTIFF V. ALL DEFENDANTS –
SECTION 1983 VIOLATION OF EIGHTH AMENDMENT
PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT**

35. Paragraph 35 of Plaintiff's Complaint is an incorporation paragraph to which no response is required. Defendant incorporates Paragraphs 1 through 34 of her Answer as if set forth fully herein.

36. The averments in Paragraph 36 are directed to a Defendant other than this answering Defendant. Accordingly, no response by this Defendant is required.

37. The averments in Paragraph 37 are directed to a Defendant other than this answering Defendant. Accordingly, no response by this Defendant is required.

38. The averments of Paragraph 38 are conclusions of law to which no response is required.

39. The averments in Paragraph 39 are directed to a Defendant other than this answering Defendant. Accordingly, no response by this Defendant is required.

40. The averments in Paragraph 40 are directed to a Defendant other than this answering Defendant. Accordingly, no response by this Defendant is required.

41. The averments in Paragraph 41 are directed to a Defendant other than this answering Defendant. Accordingly, no response by this Defendant is required.

42. The averments in Paragraph 42 are directed to a Defendant other than this answering Defendant. Accordingly, no response by this Defendant is required.

43. The averments in Paragraph 43 are directed to a Defendant other than this answering Defendant. Accordingly, no response by this Defendant is required.

44. The averments in Paragraph 44 of Plaintiff's Complaint are conclusions of law to which no response is required. To the extent a response is deemed appropriate, those averments are denied.

## COUNT II – PLAINTIFF V. DR. DOE, NURSE FRAN and NURSE ROXANNE – NEGLIGENCE

45. Paragraph 45 of Plaintiff's Complaint is an incorporation paragraph to which no response is required. Defendant incorporates Paragraphs 1 through 44 of her Answer as if set forth fully herein.

46.     The averments in Paragraph 46 and all of its subparts are conclusions of law to which no response is required.  To the extent a response is deemed appropriate, those averments are denied.

### COUNT III – PLAINTIFF v. LAWRENCE COUNTY – NEGLIGENCE

47.     Paragraph 47 of Plaintiff's Complaint is an incorporation paragraph to which no response is required.  Defendant incorporates Paragraphs 1 through 46 of her Answer as if set forth fully herein

48.     The averments in Paragraph 48 are directed to a Defendant other than this answering Defendant.  Accordingly, no response by this Defendant is required.

### COUNT III [SECOND] PLAINTIFF v. PrimeCare MEDICAL INC – NEGLIGENCE

49.     Paragraph 49 of Plaintiff's Complaint is an incorporation paragraph to which no response is required.  Defendant incorporates Paragraphs 1 through 48 of her Answer as if set forth fully herein

50.     The averments in Paragraph 50 are directed to a Defendant other than this answering Defendant.  Accordingly, no response by this Defendant is required.

WHEREFORE, Susan Rossino, M.D. respectfully requests that the Court enter judgment in her favor and dismiss Plaintiff's claims with prejudice.

### AFFIRMATIVE DEFENSES

The Defendant incorporates the preceding paragraphs of her Answer as if set forth fully herein.

### FIRST AFFIRMATIVE DEFENSE

The Defendant raises all affirmative defenses as set forth or available as a result of the provisions of the Medical Care Availability and Reduction of Error Act, 40 P.S. §1303 et seq.

**SECOND AFFIRMATIVE DEFENSE**

The Defendant pleads the doctrine of intervening and superseding causes as an affirmative defense.

**THIRD AFFIRMATIVE DEFENSE**

The Defendant pleads "payment" as an affirmative defense to the extent that any amount less than the amount billed for medical services to the Plaintiff after the alleged incident is accepted as payment in full.

**FOURTH AFFIRMATIVE DEFENSE**

The Defendant is not liable for any pre-existing medical conditions which caused the claimed injuries and/or damages.

**FIFTH AFFIRMATIVE DEFENSE**

At all times material to this action, the care and treatment rendered to the Plaintiff by the Defendant was appropriate and in accordance with the applicable standards of care in the medical community.

**SIXTH AFFIRMATIVE DEFENSE**

Any claim the Plaintiff may make regarding entitlement to damages for delay is barred on the ground that such a claim, or its source of authorization, is violative of the due process requirements of the United States and/or Pennsylvania Constitutions.  To the extent the Plaintiff has or will in the future enter into any release and/or other agreement relating to the matters alleged in the Complaint, the Defendant pleads the terms of any such agreement as a defense, in whole or in part, to Plaintiff's claims.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that the evidence developed during discovery demonstrates the application of the Two Schools of Thought Doctrine, the Defendant pleads that Doctrine as providing a complete defense for any alleged negligence and/or malpractice.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent any injuries or damages alleged are the sole, proximate, and/or direct result of independent acts or omissions by individuals who are not employees, affiliated with or otherwise controlled by the Defendant, the Plaintiff's claims against the Defendant are barred and/or reduced.

**NINTH AFFIRMATIVE DEFENSE**

Should it be determined at the time of trial that Plaintiff failed to heed the advice and counsel of healthcare providers, then the Defendant believes and, therefore, avers that she is entitled to raise a claim of contributory and/or comparative negligence.

**TENTH AFFIRMATIVE DEFENSE**

At all relevant times, the Defendant had no control or right of control over any other healthcare providers.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Defendant pleads the applicability of the Pennsylvania Comparative Negligence Statute as an affirmative defense, barring or diminishing any potential claim of the Plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from recovering damages for future medical expenses to the extent such damages would be covered by a health insurance plan providing minimum essential coverage mandated by the provisions of the Patient Protection and Affordable Care Act (also

known as the "Affordable Care Act"), Pub. L. No. 111-148, 124 stat. 119 (2010) and all of the Affordable Care Act's attended rules and regulations.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any past and/or future premiums, deductibles or other expenses related to the health insurance plan providing minimal essential coverage as required by law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any past medical expenses to the extent Plaintiff has failed to obtain the minimum essential coverage as required by the Affordable Care Act.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he has not pled and cannot prove facts suggesting a deliberate indifference to a serious medical need.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his failure to exhaust his administrative remedies.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that this Defendant is immune from suit.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he has failed to plead and cannot prove facts sufficient to support a claim for punitive damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth facts supporting a claim under 42 USC §1983.

**TWENTIETH AFFIRMATIVE DEFENSE**

The Defendant reserves the right to assert all of her affirmative defenses to the extent that further investigation or discovery reveals facts to show that any such defenses may be available.

WHEREFORE, Susan Rossino, M.D. respectfully requests that the Court enter judgment in her favor and dismiss Plaintiff's claims with prejudice.

        Respectfully submitted,

        **MARSHALL DENNEHEY**
        **WARNER COLEMAN & GOGGIN**

BY:   *s/ Brett C. Shear*
        TERRY C. CAVANAUGH, ESQUIRE
        PA I.D. #16702
        BRETT C. SHEAR, ESQUIRE
        PA I.D. #92244
        US Steel Tower, Suite 2900
        600 Grant Street
        Pittsburgh, PA  15219
        (412) 803-1140  // (412) 803-1188 fax
        tccavanaugh@mdwcg.com
        bcshear@mdwcg.com
        **Counsel for Susen Rossino, M.D., incorrectly identified as Dr. John Doe**

LEGAL/103143060.v1