IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY BOYNES,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF LAWRENCE, DR. JOHN DOE, NURSE FRAN, NURSE ROXANNE and PRIMECARE MEDICAL, INC,<br><br>    Defendants. | Civil Action No. 2:15-cv-00139-CRE<br><br>MAGISTRATE JUDGE CYNTHIA REED EDDY<br><br>**ELECTRONICALLY FILED** |

### Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

1. **Identification of counsel and unrepresented parties.** Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

   Louis J. Kroeck, Esquire
   1300 Gulf Tower
   707 Grant Street
   Pittsburgh, PA  15219
   Phone: (412) 765-3700
   Fax: (412) 765-3730
   E-Mail: lkroeck@ambylaw.com

   *(Counsel for Plaintiff)*

   Marie Milie Jones, Esquire
   Michael R. Lettrich, Esquire
   JonesPassodelis, PLLC
   Gulf Tower, Suite 3510
   707 Grant Street
   Pittsburgh, PA  15219
   Phone: (412) 315-7272
   Fax: (412) 315-7273
   E-Mail: mjones@jonespassodelis.com
   E-Mail: mlettrich@jonespassodelis.com

   *(Counsel for Defendant, County of Lawrence)*

   John R. Ninosky, Esquire
   Johnson, Duffie, Stewart & Weidner, P.C.
   301 Market Street
   P.O. Box 109
   Lemoyne, PA 17043-0109
   Phone: (717) 761-4540
   Fax: (717) 761-3015
   E-Mail: jrn@jdsw.com

   *(Counsel for Defendants, PrimeCare Medical, Inc., Fran Kloss, LPN and Roxanne Demonaco, LPN)*

   Terry C. Cavanaugh, Esquire
   Brett C. Shear, Esquire
   Marshall Dennehey Warner Coleman & Goggin
   US Steel Tower, Suite 2900
   600 Grant Street
   Pittsburgh, PA 15219
   Phone: (412) 803-1140
   Fax: (412) 803-1188
   E-Mail: tccavanaugh@mdwcg.com
   E-Mail: bcshear@mdwcg.com

   *(Counsel for Defendant, Susen Rossino, M.D., incorrectly identified as Dr. John Doe)*

2. **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc):

   Personal injury case alleging medical negligence and civil rights violations arising out of an alleged failure to properly diagnose and treat a fracture while Plaintiff was incarcerated at the Lawrence County Correctional Facility.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

   The conference of counsel was held January 20, 2016 at the office of JonesPassodelis, PLLC. In attendance were: Louis J. Kroeck, Michael R. Lettrich, John R. Ninosky and Brett C. Shear.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:** (Lead Trial Counsel and unrepresented parties shall attend the Rule16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

   February 3, 2016 at 10:00 a.m.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

   Not applicable. Rule 12 Motions have been decided by the Court.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

   Due to the medical malpractice allegations in this case, Defendant Rossino believes that settlement negotiations will be fruitless until she has had an opportunity to review Plaintiff's expert reports and respectfully requests that Alternative Dispute Resolution be delayed until those reports are received. Counsel discussed the use of Kenneth Benson or Eugene Scanlon as a Mediator or Early Neutral Evaluator.

7.  **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

    None.

8.  **Subjects on which fact discovery may be needed.** (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

    The parties anticipate the need for discovery regarding Plaintiff's medical treatment while incarcerated, his medical condition prior to and after the incarceration in question, his medical treatment subsequent to his release from the Lawrence County Correctional facility, Plaintiff's alleged damages, the administrative remedy process at the Lawrence County Correctional Facility, and Plaintiff's attempts, if any, to exhaust those administrative remedies.

9.  **Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

    a.  **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

        March 4, 2016

    b.  **Date by which any additional parties shall be joined:**

        May 3, 2016

    c.  **Date by which the pleadings shall be amended:**

        May 3, 2016

    d.  **Date by which fact discovery should be completed:**

        July 2, 2016

e. **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

f. **Date by which plaintiff's expert reports should be filed:**

    Counsel respectfully requests a post-fact discovery status conference to discuss a schedule for expert reports and depositions and, if warranted by the evidence of record, dispositive motions.

g. **Date by which depositions of plaintiff's expert(s) should be completed:**

    Counsel respectfully requests a post-fact discovery status conference to discuss a schedule for expert reports and depositions and, if warranted by the evidence of record, dispositive motions.

h. **Date by which defendant's expert reports should be filed:**

    Counsel respectfully requests a post-fact discovery status conference to discuss a schedule for expert reports and depositions and, if warranted by the evidence of record, dispositive motions.

i. **Date by which depositions of defendant's expert(s) should be completed:**

    Counsel respectfully requests a post-fact discovery status conference to discuss a schedule for expert reports and depositions and, if warranted by the evidence of record, dispositive motions.

j. **Date by which third party expert's reports should be filed:**

    Not applicable

k. **Date by which depositions of third party's expert(s) should be completed:**

    Not applicable

10. If the parties agree that changes should be made to the limitations on discovery imposed or Local by the Federal Rules of Civil Procedure Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:

    Not applicable

11. Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information

(electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration. In particular, answer the following questions:

a. <u>ESI</u>. Is either party seeking the discovery of ESI in this case? ☐ Yes  x No

   If disputed, identify the nature of the dispute _____

b. <u>Metadata</u>: Will any metadata be relevant in this case? ☐ Yes  x No

   If yes, with respect to what ESI _____

   If disputed, identify the nature of the dispute _____

c. <u>Format</u>. Have the parties agreed on the format(s) for production of ESI?
   ☐ Yes ☐ No

   If no, what disputes remain outstanding _____

d. <u>Clawback Agreement</u>. Will the parties be using the Form Inadvertent Production Provision of LCvR 16.1.D? x Yes  ☐ No

   If no, will an alternative provision be proposed? ☐ Yes (Please attach)  ☐ No

e. <u>Search terms</u>. Have the parties agreed on any protocol for review of electronic data? ☐ Yes ☐ No

   If yes, please describe _____

   If no, please identify what issues remain outstanding _____

f. <u>Accessibility</u>. Have the parties agreed on what ESI is "reasonably accessible" as defined in R. 26(b)(2)(B)? ☐ Yes ☐ No

   If no, please identify the nature of the dispute _____

g. <u>Preservation</u>. Are there any unresolved issues pertaining to the preservation of ESI? If so, please describe _____

h. <u>Other</u>. Identify all outstanding issues or disputes concerning ESI _____

12. Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-

Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):

> The parties respectfully request a post-fact discovery status conference at which the following issues will be discussed and dates set.

a. **Settlement and/or transfer to an ADR procedure;**

b. **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

c. **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

d. **Dates by which parties' pre-trial statements should be filed;**

e. **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

f. **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

g. **Dates proposed for final pre-trial conference;**

h. **Presumptive and final trial dates.**

13. Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):

    Not applicable

14. Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:

    Not anticipated

15. If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:

    Not applicable

16. Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

    Not discussed

Respectfully submitted,

s/Louis J. Kroeck
Counsel for Plaintiff

s/Michael R. Lettrich
Counsel for Defendant, County of Lawrence

s/John R. Ninosky
Counsel for Defendants, PrimeCare Medical, Inc., Fran Kloss, LPN and Roxanne Demonaco, LPN

s/Brett C. Shear
Counsel for Defendant, Susen Rossino, M.D., incorrectly identified as Dr. John Doe

(Signatures of counsel and unrepresented parties)