IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY BOYNES,<br><br>        Plaintiff,<br><br>v.<br><br>COUNTY OF LAWRENCE, SUSEN ROSSINO, M.D., FRANCES KLOSS, R.N., ROXANNE DEMONACO, R.N. and PRIMECARE MEDICAL, INC.,<br><br>        Defendants. | Civil Action No. 2:15-cv-00139-CRE<br><br>MAGISTRATE JUDGE CYNTHIA REED EDDY<br><br>**ELECTRONICALLY FILED**<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT, COUNTY OF LAWRENCE'S, CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS

**A.     The health care delivery system at the Lawrence County Jail.**

1.     At the times relevant to this lawsuit, Plaintiff was housed in the Lawrence County Jail on a temporary prisoner transfer from the state prison at SCI-Mercer. Complaint at ¶ 11; Appendix, Ex. A (Depo of Plaintiff) at 88.

2.     At all times material to the issues in the Complaint, medical care was provided to the inmates of the Lawrence County Correctional Facility by PrimeCare Medical, Inc. pursuant to a contract known as the "Comprehensive Health Services Agreement." Appendix, Ex. B (Comprehensive Health Services Agreement).

3.     The Comprehensive Health Services Agreement provides that PrimeCare "agrees to provide mental health, medical and related health care services to the inmate and detainee population at the [Lawrence County Correctional] Facility[.]" *Id.* at p.1 ("Scope of Services").

{W0104793.1}

4. The Comprehensive Health Services Agreement provides that if an inmate is held in the facility from the state department of corrections, "medical services shall be provided and paid for by the Company [PrimeCare]." *Id.* at § 13.

5. Under the Comprehensive Health Services Agreement, PrimeCare "agrees to staff the Medical Department at the Lawrence County Correctional Facility with sufficient medical, nursing and ancillary staff to meet the requirements of this Agreement." *Id.* at § 11 ("Staffing").

6. With respect to the "decisions and actions regarding health care services", the Comprehensive Health Services Agreement provides:

> It is acknowledged and agreed that, in accordance with Standard J-A-02 of <u>Standards for Health Services in Jails</u> (2003) of the National Commission on Correctional Health Care, decisions and actions regarding health care services provided to inmates are the sole responsibility of qualified healthcare personnel and cannot be compromised for security reasons; thus all decisions involving the exercise of medical, mental health or dental judgment are the responsibility of PrimeCare and its health care practitioners.

*Id.* at § 21 ("Exercise of Medical Autonomy").

7. The Comprehensive Health Services Agreement states that PrimeCare will be responsible for ensuring that all of its healthcare providers have the requisite licensure. *Id.* at § 20.

8. The Comprehensive Health Services Agreement provides that as to whether an inmate would be sent for outside hospitalization, "Company [PrimeCare] will provide outside hospitalization for inmates/patients as medically warranted." As to who had the authority to make the decision to send an inmate for outside hospitalization, the Comprehensive Health

Services Agreement provides "[a]ll such decisions will be made by the on-site Medical Director and/or Health Services Administrator." *Id*. at § 3.

**B.     The grievance and request system at the Jail.**

9.      The Lawrence County Correctional Facility has an Inmate Handbook that is given to inmates when they first come into the facility. Appendix, Ex. A (Depo of Plaintiff) at 88.

10.     Plaintiff received a copy of the Lawrence County Inmate Handbook. *Id*.

11.     Plaintiff is familiar with what an Inmate Handbook is. It contains "the rules and regulations of the facility. *Id*.

12.     Plaintiff did not read the Lawrence County Inmate Handbook. Appendix, Ex. A (Depo of Plaintiff) at 89. When asked why he did not read it, Plaintiff stated:

> [B]ecause in my eyes I should have never been there in the first place. I'm not from Lawrence County. I'm a state prisoner doing five to ten and I should have never been in Lawrence County period whatsoever. I was sentenced to a state correctional facility. So, that's one of the reasons why I didn't read it. I didn't care too much for it.

*Id*.

13.     The Inmate Handbook explains the health care system at the facility. Appendix, Ex. C (Inmate Handbook) at 5-6.

14.     The Inmate Handbook instructs inmates that to request sick call, "Sick Call Request Forms will be available in each Housing Unit. If you desire to be seen by our Medical Staff, you will be required to place your name and any other necessary information on the form and then place the form in the appropriate box for pickup[.]" Appendix, Ex. C (Inmate Handbook) at 6.

15.     Plaintiff testified that medical request slips are placed into a box on the cell block.  Appendix, Ex. A (Depo of Plaintiff) at 85-86.

16.     The Inmate Handbook explains the Inmate Grievance Procedure.  Appendix, Ex. C (Inmate Handbook) at 16.

17.     The Inmate Handbook states that inmates "have a right to a copy of the rules and regulations of Lawrence County Corrections at the time of commitment." Appendix, Ex. C (Inmate Handbook) at 4.

18.     The Inmate Handbook states that inmates "have a right to appeal a specific action such as the conditions of confinement, the findings of the Disciplinary Board, or the policies of the prison, without fear of retribution." *Id.*

19.     Plaintiff testified that to his knowledge, the difference between a request slip and a grievance is that a "grievance is for a complaint. A request can be for a complaint, but it's more for requesting something that you need or somebody you need to see." Appendix, Ex. A (Depo of Plaintiff) at 88.

20.     The Inmate Handbook explains that "inmates have an absolute right to file grievances without fear of retaliation." Appendix, Ex. C (Inmate Handbook) at 16.

21.     The Inmate Handbook explains that to file a grievance,

> Ask your Shift Commander for an Inmate Request Form.  Fill out the form and return it to your Housing Unit Officer. The Form will be signed in your presence. The **Inmate Request Form** will then be sent through appropriate channels and you will receive a written response.

*Id.* (emphasis in original).

22.     Plaintiff testified that at Lawrence County, grievances are filed on a form like a request slip. Appendix, Ex. A (Depo of Plaintiff) at 36.

23. Plaintiff testified that the forms are in a box. "You just take one and fill it out. It might say to whatever department, medical department, grievance department, maintenance or whatever." *Id.*

24. "All of these slips were on the block and an inmate would get them, fill them out, drop them into the box." Appendix, Ex. A (Depo of Plaintiff) at 87.

25. After the inmate completes the form, "You put it in a box, the grievance box . . . [i]n the front of the block." Appendix, Ex. A (Depo of Plaintiff) at 36.

26. Plaintiff testified that grievances "went into the mailbox I believe" with the mail. Appendix, Ex. A (Depo of Plaintiff) at 86.

27. The Inmate Handbook advises inmates of the various deadlines to grieve an issue and appeal rights. It states:

> **REMEMBER!** You must file your grievance within five (5) days of the date the incident took place!
>
> If you are not satisfied with the decision of the Deputy Warden of Security regarding your grievance, you may file an appeal with the Warden within two (2) days after you receive the decision.
>
> The Warden will review your appeal and return a response to you.
>
> **THE DECISION OF THE WARDEN IS FINAL!!!**

Appendix, Ex. C (Inmate Handbook) at 17 (emphasis in original).

28. Plaintiff testified that he filed two grievances concerning the medical care at issue in this case. Appendix, Ex. A (Depo of Plaintiff) at 34.

C. **Plaintiff's alleged grievance to "Butch Weird."**

29. Plaintiff testified that he filed the first grievance while he was still in the Lawrence County Jail. Appendix, Ex. A (Depo of Plaintiff) at 35.

30.     Plaintiff testified that he addressed the grievance to "Butch Weird." Appendix, Ex. A (Depo of Plaintiff) at 36.

31.     Plaintiff testified that he believed that "Butch Weird" "was the state representative at Lawrence County for all of the prisoners that came down from the state at that time." Appendix, Ex. A (Depo of Plaintiff) at 35.

32.     Plaintiff testified that he is not sure when he allegedly filed the grievance to Butch Weird. "I don't know if it was before the doctor or after the doctor. I really don't know." *Id.*.

33.     When asked what he wrote in the alleged grievance to Butch Weird, Plaintiff testified "I can't remember that either. But I know I filed it to Butch Weird and I explained to him that I had a slip and fall and that I'm getting no medical treatment, something like that." *Id.*

34.     Plaintiff testified that he never received a response to his grievance to "Butch Weird." He never followed up as to why he received no response. Appendix, Ex. A (Depo of Plaintiff) at 36. Plaintiff testified:

> Q. When you didn't receive a response to your grievance, did you ask anybody what was going on?
>
> A. No. I don't know how the grievance policy works down there or any other jail. So, all's I know is I filed a grievance. I don't know if I was supposed to hear a response from them or what. You know, I just know I filed the grievance.

*Id.*

35.     In February of 2013, Plaintiff was transferred back to state prison from the Lawrence County Jail. Appendix, Ex. A (Depo of Plaintiff) at 32-33.

### D. Second grievance mailed nine months after having left the LCCF

36. Plaintiff mailed a grievance to the Jail on November 18, 2013. It is on a Lawrence County Corrections Inmate Request Form and states as follows:

> To the Grievance Coordinator, I Henry Boynes is filing this grievance due to a injury I substained while being housed at this prison. In the month of August 2012 I suffered a bad slip and fall. While I tried to receive proper medical care for my injury from the Prison medical staff. I was denied medical care that was so sufficient for the injury I substained which is a fractured left arm. This was indeed unprofessional conduct for a prison medical staff. I also spoke to all the Lawrence County Nurses and Doctor about this injury. Nothing was done about the situation.

Appendix, Ex. D (grievance dated 11/18/13) (spelling and grammar as in original).

37. Plaintiff testified that the reason he filed this second grievance after having been transferred was: "A. After speaking to the attorney I was speaking to, she said we'll file another one. I explained to her that I filed one down when I was at Lawrence County and heard nothing from it. She said, well, just to cover your behind file another one, which I did." Appendix, Ex. A (Depo of Plaintiff) at 52.

38. Plaintiff testified that the blank form was in his property when he returned to state prison. Appendix, Ex. A (Depo of Plaintiff) at 87.

39. Plaintiff testified that he never received a response to the second grievance. Appendix, Ex. A (Depo of Plaintiff) at 52.

Respectfully submitted,

JONESPASSODELIS, PLLC


By: _s/Michael R. Lettrich_____
    MICHAEL R. LETTRICH, ESQUIRE
    PA I.D. #80635
    E-Mail: mlettrich@jonespassodelis.com

    MARIE MILIE JONES, ESQUIRE
    PA I.D. #49711
    E-Mail: mjones@jonespassodelis.com

    Gulf Tower, Suite 3510
    707 Grant Street
    Pittsburgh, PA 15219
    Phone: (412) 315-7272
    Fax: (412) 315-7273

    Counsel for Defendant, County of Lawrence

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been forwarded to counsel of record by:

      \_\_\_\_\_  U.S. First Class Mail, Postage Paid

      \_\_\_\_\_  Hand Delivery

      \_\_\_\_\_  Certified Mail, Return Receipt Requested

      \_\_\_\_\_  Facsimile Transmittal

      \_\_\_\_\_  UPS Delivery

      __X__  Electronic Filing/Service

at the following address:

Louis J. Kroeck, IV, Esquire
ANSTANDIG, McDYER AND YURCON
707 Grant Street, Suite 1300
Pittsburgh, PA 15219
*(Counsel for Plaintiff)*

John R. Ninosky, Esquire
Johnson, Duffie, Stewart & Weidner
301 Market Street
P.O. Box 109
Lemoyne, PA  17043-0109
*(Counsel for Defendants, PrimeCare Medical, Inc., Roxanne Demonaco, LPN and Fran Kloss, LPN)*

Terry C. Cavanaugh, Esquire
Brett C. Shear, Esquire
Marshall Dennehey Warner Coleman & Goggin
US Steel Tower, Suite 2900
600 Grant Street
Pittsburgh, PA 15219
*(Counsel for Defendant, Susen Rossino, M.D.)*

                                                              JONESPASSODELIS, PLLC

Date:  September 27, 2016          s/Michael R. Lettrich
                                           MICHAEL R. LETTRICH, Esquire
                                           MARIE MILIE JONES, Esquire

                                           Counsel for Defendant, County of Lawrence