**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HENRY BOYNES, | : | NO. 2:15-CV-00139-CRE |
|     Plaintiff | : | |
| | : | CIVIL ACTION – LAW |
| v. | : | |
| | : | MAG. JUDGE CYNTHIA REED EDDY |
| COUNTY OF LAWRENCE, | : | |
| SUSEN ROSSINO, M.D.; | : | *ELECTRONICALLY FILED* |
| FRANCES KLOSS, R.N.; | : | |
| ROXANNE DEMONACO, R.N.; and | : | |
| PRIMECARE MEDICAL, INC., | : | JURY TRIAL DEMANDED |
|     Defendants | : | |

## MEDICAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

AND NOW, come Defendants Frances Kloss, RN, Roxanne Demonaco, RN, and PrimeCare Medical, Inc. (hereinafter collectively referred to as "Medical Defendants"), by and through their counsel, Johnson, Duffie, Stewart & Weidner, P.C., who file this Motion for Summary Judgment and in support thereof, avers as follows:

1. Plaintiff initiated this action by filing a Complaint under 42 U.S.C. § 1983 asserting that the above-captioned Defendants violated his Eighth Amendment rights. Plaintiff also asserts that the conduct of the Defendants constituted negligence under Pennsylvania law. Finally, Plaintiff is maintaining a Monell cause of action as against the Medical Defendants, individually. (Doc. 1)

2. Plaintiff maintains that he was injured as a result of a slip and fall which occurred in the shower and that the Medical Defendants failed to adequately treat an

injury to his left elbow and left shoulder which occurred "in or around September 2012."[1]

(Doc. 1 at ¶ 12)

3.  Medical Defendants now file this Motion for Summary Judgment pursuant to Rule 56, on the grounds that the Plaintiff has failed to file a Complaint within the statute of limitations and has failed to exhaust his administrative remedies.

4.  Federal Rule of Civil Procedure 56 governs motions for summary judgment, and states in relevant part,

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

5.  The United States Supreme Court has held:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).

6.  Plaintiff did not exhaust his administrative remedies prior to filing his lawsuit against the Medical Defendants. While the Plaintiff was incarcerated at the Lawrence

---

[1] Plaintiff testified at the time of his deposition that the incident "could have been July, August, September." (See, Boynes' Depo., p. 38, lines 5-12 at **Exhibit L**.)

County facility, the facility had a grievance procedure in place. Plaintiff receive a copy of the Inmate Handbook and, as such, would have been on notice of the grievance procedure.

7. The Medical Defendants did not receive any timely grievances from the Plaintiff concerning his treatment as a result the "incident in September of 2012." (Doc.1 at ¶ 12.)

8. The Prison Litigation Reform Act requires inmates to present their claims through an administrative grievance process before filing suit in federal court. See, 42 U.S.C. Code § 1997e(a).

9. Plaintiff's failure to exhaust administrative remedies is fatal to his cause of action, as a matter of law.

10. Plaintiff failed to file the above action within the statute of limitations provided and, as such, this cause of action should be dismissed, as a matter of law. Moreover, as noted above, this alleged incident occurred in "September 2012." (Doc.1 at ¶ 12.)

12. Plaintiff initiated this matter by way of Complaint on February 3, 2015, nearly six (6) months after the statute of limitations had run.

13. Title 42 U.S.C.A. 1988 contains a borrowing provision which adopts statute of limitations for personal injury actions in the state where the suit is filed. Kost v. Kozakiewcz, 1 F.3d 176, 189-190 (3d Cir. 1993).

14. In Wilson v. Garcia, 471 U.S. 261, 105 S. Ct. 1938, 85 L.Ed. 2d. 254 (1985), the Supreme Court determined after extensive discussion that all § 1983 actions should

be classified as claims for personal injury for the purpose of determining the limitations under the applicable state law.  Id., at 276-280.

15. Pennsylvania statute of limitations on personal injury actions is two (2) years.  42 Pa. Cons. Stat. Ann. § 5524; Epps v. City of Pittsburgh, 33 F. Supp. 2d 409 (W.D. Pa. 1998).

16. Based on the foregoing law and the allegations in the Plaintiff's Complaint, it is submitted that the statute of limitations for the Plaintiff's cause of action expired in September of 2014.

17. Plaintiff failed to serve any Defendant with his Complaint before the expiration of the two (2) year statute of limitations.

18. In fact, Plaintiff did not file his Complaint for nearly six (6) months after the subject incident.

WHEREFORE, Defendants Frances Kloss, RN, Roxanne Demonaco, RN, and PrimeCare Medical, Inc., respectfully request that this Court grant their Motion for Summary Judgment, and dismiss Plaintiff's claims against them, with prejudice.

                Respectfully submitted,

                JOHNSON, DUFFIE, STEWART & WEIDNER

                By:    s/John R. Ninosky
                        John R. Ninosky, Esquire
                        Attorney I.D. No. 78000
                        301 Market Street ~P. O. Box 109
                        Lemoyne, PA  17043-0109
                        Telephone (717) 761-4540
                        Email:  jrn@jdsw.com
                        Attorneys for PrimeCare Medical Defendants

Date:  September 27, 2016
812367

**CERTIFICATE OF SERVICE**

I hereby certify on the 27th day of September, 2016, that the foregoing *Medical Defendants' Motion for Summary Judgment* was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Louis J. Kroeck, IV, Esquire
Anstandig, McDyer and Yurcon
707 Grant Street, Suite 1300
Pittsburgh, PA  15219
lkroeck@gmail.com
*Attorney for Plaintiff*

Marie Milie Jones, Esquire
Michael R. Lettrich, Esquire
JonesPassodelis, PLLC
Gulf Tower, Suite 3510
707 Grant Street
Pittsburgh, PA  15219
mjones@jonespassodelis.com
mlettrich@jonespassodelis.com
*Attorney for County of Lawrence*

Terry C. Cavanaugh, Esquire
Brett C. Shear, Esquire
Marshall Dennehey Warner Coleman & Goggin
US Steel Tower, Suite 2900
600 Grant Street
Pittsburgh, PA  15219
tccavanaugh@mdwcg.com
bcshear@mdwcg.com
*Attorney for Susen Rossino, M.D. (incorrectly identified as Dr. John Doe)*

        JOHNSON, DUFFIE, STEWART & WEIDNER

By:   s/John R. Ninosky
       John R. Ninosky