**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HENRY BOYNES, | CIVIL DIVISION |
| Plaintiff, | No: 2:15-cv-00139 |
| vs. | Magistrate Judge Cynthia Reed Eddy |
| COUNTY OF LAWRENCE,<br>SUSEN ROSSINO, M.D.; FRANCES<br>KLOSS, R.N., ROXANNE DEMONACO, R.N. and<br>PRIMECARE MEDICAL, INC., | *Electronically Filed* |
| Defendants. | **JURY TRIAL DEMANDED** |

## CONCISE STATEMENT OF MATERIAL FACTS

AND NOW comes Defendant SUSEN ROSSINO, M.D., by and through her attorneys, TERRY C. CAVANAUGH, ESQUIRE, BRETT C. SHEAR, ESQUIRE and MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, and files the following Concise Statement of Material Facts in Support of Motion for Summary Judgment stating as follows:

1. This action arises from a time period when Plaintiff was incarcerated at the Lawrence County Jail. Complaint ¶4. It is alleged while in custody at the Lawrence County Jail, Plaintiff slipped and fell suffering an alleged injury. Complaint ¶12.

2. Plaintiff sustained the fall at issue sometime before July 10, 2012. Deposition of Plaintiff, p. 6, 38 (Exhibit A).

3. After he fell, Plaintiff immediately sought from an unnamed corrections officer and then Defendant Frances Kloss, R.N. later that evening. Exhibit A, p. 13-15.

4. Plaintiff did not seek the treatment of Dr. Rossino until his next regular checkup which was about one or two months after his fall. Exhibit A, p. 19.

1

5.      Plaintiff immediately did not believe the nurses when they told him that he only had a sprain in his arm and, instead, believed that it was something more serious.  Exhibit A, pp. 19-20.

6.      In the one or two months before Plaintiff was seen by Dr. Rossino, he knew that he was in excruciating pain and was telling the nurses and other inmates that he thought his arm was broken.  Exhibit A, pp. 22-23.

7.      Plaintiff testified that he was in such constant and excruciating pain that he would mention it to the nurses every time they came to his cellblock to pass out medications.  Exhibit A, p. 32.

8.      He also believed that the medical treatment that he was receiving at that time was not enough.  Exhibit A, p. 23.

9.      Plaintiff claims that one or two months after his fall, when he did see Dr. Rossino, she told him that he was not there for her to examine his arm and that he needed to put in a new medical request slip for her to perform that examination.  Exhibit A, p. 24-25.

10.      He further claims that he filled out and submitted a medical request that day, but never saw Dr. Rossino again.  Exhibit A, p. 25.

11.      Plaintiff has not adduced any evidence that this alleged medical request slip was ever provided to Dr. Rossino.

12.      That medical request slip which appears nowhere in any of the medical or other records exchanged among the parties in this case.

13.      There are several medical request slips that did appear in Plaintiff's records in this case, but all of them are directed to the nurses or the dentist, not Dr. Rossino.  See the medical request slips collectively attached hereto as Exhibit B.

2

14.     Nonetheless, after not getting an appointment in a timely fashion, he did nothing to follow up with the medical staff or prison personnel.  Instead he ostensibly filed a grievance with "Butch Weird" who Plaintiff claims was the "state representative" at the Lawrence County Jail.  Exhibit A, pp. 35-36; 84.

15.     Plaintiff had adduced no evidence of Mr. Weird's actual capacity or the identity of his employer.

16.     Plaintiff does not have a copy of this alleged grievance filed with this unknown person and it is appeared nowhere in the records exchanged among the parties in discovery.

17.     Plaintiff admits that he was given a copy of the inmate handbook when he arrived at the Lawrence County Jail.  Exhibit A, p. 88.

18.      Plaintiff never read the handbook.  Exhibit A, pp. 88-89.

19.     According to the grievance procedures in that handbook, Plaintiff was required to file a grievance relating to his medical with the Deputy Warden.  Inmate Handbook, p. 16, attached hereto as Exhibit C.

20.     Plaintiff was required to file a grievance within five days of the date of the incident.  Exhibit C, p. 17.

21.     There is no dispute that Plaintiff never filed a grievance with the Deputy Warden while he was an inmate at the Lawrence County Jail and certainly not within five days of submitting his medical request slip.

22.     Plaintiff knew that nobody would ever be able to tell if his arm was broken without an x-ray and knew that he did not receive an x-ray at the Lawrence County Jail.  Exhibit A, p. 31.

23.     Plaintiff never requested an x-ray from anybody.  Id.

24.     Plaintiff was transferred from the Lawrence County Jail in February, 2013.
Complaint, ¶28


                            Respectfully submitted,

                            **MARSHALL DENNEHEY**
                            **WARNER COLEMAN & GOGGIN**

              BY:     _s/ Brett C. Shear_
                            TERRY C. CAVANAUGH, ESQUIRE
                            PA I.D. #16702
                            BRETT C. SHEAR, ESQUIRE
                            PA I.D. #92244
                            US Steel Tower, Suite 2900
                            600 Grant Street
                            Pittsburgh, PA  15219
                            (412) 803-1140  // (412) 803-1188 fax
                            tccavanaugh@mdwcg.com
                            **Counsel for Susen Rossino, M.D.**